**STATE of Minnesota, Appellant,**

v.

**Timothy SLIFKA, Respondent.**

**No. 47464.**

Supreme Court of Minnesota.

June 24, 1977.

Warren Spannaus, Atty. Gen., Richard G. Mark, Asst. Atty. Gen., Jane Prohaska, Sp. Asst. Atty. Gen., St. Paul, for appellant.

C. Paul Jones, Public Defender, Mollie G. Raskind, Asst. Public Defender, Minneapolis, for respondent.

PER CURIAM.

This is a pretrial appeal by the state pursuant to Rule 29.03, Rules of Criminal Procedure, from an order of the district court suppressing evidence in the prosecution of defendant for unlawful possession of cocaine powder and amphetamine tablets. It is undisputed for purposes of this appeal that defendant abandoned the drugs in the face of a threatened search of his person by law enforcement officers, but the district court held that the abandonment doctrine did not apply because the officers acted illegally in arresting defendant and attempting to search him. We affirm.

Two officers in this case stopped an automobile in which defendant was a passenger for an equipment violation to which the driver ultimately pleaded guilty. Approaching the vehicle after the stop, the officers observed in plain sight between the driver and defendant a 6-pack of beer containing an open bottle of beer about one-third full. One of the officers then accompanied defendant and the driver to a place midway between the squad car and the stopped car, while the other officer searched the passenger compartment and

the glove box for other evidence relating to the open-bottle violation. In the glove box the officer found a small amount of marijuana. Defendant and the driver were then placed in the squad car while the search of the stopped car continued. After completing this search, the officers searched the person of the driver. As they were about to search defendant's person, they observed him place articles, including the drugs which are the subject of the suppression order, into the crevice between the cushions of the front seat of the squad car.

■ While the officers arguably had probable cause to arrest and search the driver both for possession of marijuana and for violation of the open-bottle law, we agree with the district court that they did not have probable cause to believe that defendant had violated any laws.

The officers arguably had reasonable cause to believe that the driver constructively possessed the marijuana because the car was his and he was in control of the car. See, *State v. Florine*, 303 Minn. 103, 226 N.W.2d 609 (1975). Similarly, they had probable cause to believe that the driver had violated the open-bottle law because under Minn. St. 169.122 [1] the driver of a motor vehicle upon a public highway violates the law if he possesses an open bottle on his person or if he allows a passenger to keep an open bottle. Here the officer had probable cause to believe that the driver had either possessed an open bottle on his person or at least permitted the keeping of an open bottle in the car.

The situation with respect to defendant is different. The officers did not have probable cause to believe that he was guilty of constructive possession of marijuana, and they could not justify arresting or searching him as an incident thereof on the basis of his mere presence in the vehicle. See, *State v. Clark*, Minn., 250 N.W.2d 199 (1977); *United States v. Di Re*, 332 U.S. 581, 68 S.Ct. 222, 92 L.Ed. 210 (1948). Similarly, the officers did not have probable cause to believe that defendant was guilty of violating the open-bottle law. Unlike the driver, the passenger in a car violates the open-bottle law only if he has an open bottle "in his possession on his person." The police here had no probable cause for believing that it was defendant rather than the driver who had opened the bottle and possessed it.

■ Because the police did not have probable cause to believe that defendant had committed any crime, they had no right either to arrest or search him, and it is therefore clear that defendant's abandonment of the drugs was caused by the police illegality. See, *City of St. Paul v. Vaughn*, 306 Minn. 337, 237 N.W.2d 365 (1975). The suppression order must therefore be affirmed.

Affirmed.

---

1. Minn.St. 169.122 reads as follows: "Subdivision 1. No person shall drink or consume intoxicating liquors or non-intoxicating malt liquors in any motor vehicle when such vehicle is upon a public highway.

"Subd. 2. No person shall have in his possession on his person while in a private motor vehicle upon a public highway, any bottle or receptacle containing intoxicating liquor or nonintoxicating malt liquor which has been opened, or the seal broken, or the contents of which have been partially removed.

"Subd. 3. It shall be unlawful for the owner of any private motor vehicle or the driver, if the owner be not then present in the motor vehicle, to keep or allow to be kept in a motor vehicle when such vehicle is upon the public highway any bottle or receptacle containing intoxicating liquors or nonintoxicating malt liquors which has been opened, or the seal broken, or the contents of which have been partially removed except when such bottle or receptacle shall be kept in the trunk of the motor vehicle when such vehicle is equipped with a trunk, or kept in some other area of the vehicle not normally occupied by the driver or passengers, if the motor vehicle is not equipped with a trunk. A utility compartment or glove compartment shall be deemed to be within the area occupied by the driver and passengers.

"Subd. 4. Whoever violates the provisions of subdivisions 1 to 3 is guilty of a misdemeanor."