STATE of Minnesota, Appellant,

v.

Mark Edward DINEEN, Respondent.

No. 51372.

Supreme Court of Minnesota.

Aug. 12, 1980.

Warren Spannaus, Atty. Gen., St. Paul, John Riches, County Atty., Benson, for appellant.

Barnard Hilleren & Spates and Steven Steinle, Benson, for respondent.

SHERAN, Chief Justice.

This is a pretrial criminal appeal by the state, pursuant to R. 29.03, R.Crim.P., from an order of the district court which suppressed evidence on Fourth Amendment grounds and dismissed three of four counts pending against defendant. We affirm.

On February 1, 1980, a Benson police officer approached a motor vehicle owned by defendant and in which defendant was a passenger for the purpose of warning the defendant about being illegally double-parked. The car's engine was running, the car was in the proper driving lane and was waiting at the intersection; it was not blocking traffic but defendant was talking through the window to a pedestrian he knew. As the officer approached, the driver of the vehicle drove the car into the intersection and turned left. About this time the officer claims he saw defendant make a furtive movement, reaching into the back seat. Defendant denies this. The trial court never resolved this factual dispute. In any event, the officer turned on his lights and stopped the car. While talking to the driver and defendant, the officer saw in open view in the back seat a coat, which he asked or told defendant to remove. Defendant refused. The officer persisted in asking defendant to remove it and defendant persisted in refusing to do so. Finally, a struggle ensued, which led to defendant's fleeing the car. The officer then searched the car and found that the jacket covered a grocery bag containing plastic bags containing marijuana.

The trial court, rejecting a claim by the state that the doctrine of abandonment applied, suppressed the evidence. Now on appeal, the state contends that the motor vehicle exception to the search warrant requirement applies.

Even if there was abandonment, the abandonment doctrine would not apply because in our opinion the officer did not have probable cause to search and his persistence in trying to get defendant to remove the coat amounted to improper coercion which not only would have rendered any consent involuntary but also rather clearly prompted the defendant's flight or abandonment. *State v. Slifka*, 256 N.W.2d 90 (Minn. 1977); *City of St. Paul v. Vaughn*, 306 Minn. 337, 237 N.W.2d 365 (1975).

Although the trial court did not resolve the factual dispute concerning the alleged furtive gesture, we conclude that even if the officer did observe defendant make the furtive gesture, that fact and the other fact testified to by the officer did not amount to probable cause.

Affirmed.