STATE of Minnesota, Respondent,

v.

Lynn Marie ALBINO, Appellant.

No. CO–85–1720.

Court of Appeals of Minnesota.

April 1, 1986.

Hubert H. Humphrey, III, Atty. Gen., Alan Mitchell, St. Louis Co. Atty., Peter M. Banovetz, Asst. Co. Atty., Duluth, for respondent.

C. Paul Jones, Public Defender, Steven P. Russett, Asst. Public Defender, Minneapolis, for appellant.

Considered and decided by POPOVICH, P.J., and LANSING and HUSPENI, JJ., with oral argument waived.

## OPINION

HUSPENI, Judge.

Appellant, Lynn Albino, was convicted of possession of methamphetamine in violation of Minn.Stat. § 152.09 (1984) after the case was submitted to the court on stipulated facts. On appeal, Albino argues that the trial court erred when it found there was probable cause for her arrest and ad-mitted evidence obtained as a result of that arrest. We reverse.

## FACTS

On March 15, 1985, at approximately 1:15 a.m., Lynn Albino accepted a ride home from work from a friend, Michael Hanson. While en route, the truck Hanson was driving was stopped for having a broken taillight. Police Officer Annala, who stopped the truck, discovered that Hanson did not have a valid driver's license and there was an outstanding misdemeanor warrant for his arrest. Officer Annala told Albino that Hanson was under arrest and that the truck would have to be towed. Albino said she had only a short way to go and would walk home.

Officer Annala then began an inventory search of the truck and found a brown camera case that contained suspected drugs. The case was found on the floor of the truck up against the center of the bench seat. Annala showed the case to Police Officer Hanson and they determined that they should bring Albino back to question her about the suspected drugs.

Officer Hanson and a third officer then drove about 1½ blocks and stopped Albino. Officer Hanson took custody of Albino's purse. She was handcuffed, placed into the squad car and returned to where the truck was parked. At this time, without giving any *Miranda* warnings, Officer Annala started to question Hanson and Albino about the camera case and the suspected drugs. Albino did not respond to Annala's questions.

Once Albino was at the county jail for booking, officers discovered illegal drugs in her jacket pocket. Later in the day, she was questioned and stated to a detective that the drugs in her jacket were hers but the drugs found in the truck were not.

Officer Annala testified that he observed Albino the entire time she was in the truck from the initial stop until he told her she could go. Annala never saw Albino in possession of the camera case in which the drugs were found. He never saw her lean over, reach for the case or otherwise try to

conceal it or exert any kind of control over it. Albino never asked if she could arrange to have the truck driven away. Officer Annala had run a check on Albino and knew there were no outstanding warrants for her arrest. He also knew she did not have a valid driver's license. Further Annala knew that neither Hanson nor Albino owned the truck. The portion of the complaint charging Albino with possession of the drugs found in the camera case was later dropped. Albino was convicted of possessing the drugs found in her jacket.

## ISSUES

1. Did the police officers have probable cause to arrest Albino for constructive possession of the drugs found in the camera case in the truck in which she was a passenger?

2. Should the drugs found in Albino's jacket and her statements to detectives have been suppressed as the products of an illegal arrest?

## ANALYSIS

### I.

### Probable Cause for Arrest

Albino argues that the police officers did not have probable cause to arrest her for constructive possession of the drugs they found during their inventory search of the truck.

A warrantless arrest is permissible if there is probable cause to believe that a felony has been committed and that the person arrested has committed that crime. *See* Minn.Stat. § 629.34, subd. 1(3) (1984). Probable cause exists if:

"a person of ordinary care and prudence [would] entertain an honest and strong suspicion" that a crime has been committed.

*State v. Johnson*, 314 N.W.2d 229, 230 (Minn.1982) (quoting *State v. Carlson*, 267 N.W.2d 170, 173 (Minn.1978)).

The trial court determined that there was probable cause to arrest Albino finding that:

When obvious controlled substances and drug paraphernalia was found in a brown leather case in the middle of the cab of the pickup truck next to the bench seat in the pickup truck during this inventory search by Officer Annala, probable cause existed to arrest * * * Lynn Marie Albino for constructive possession of this brown leather case and its contents.

The State argues that Albino's presence in the truck along with her silence when questioned about the camera case gave the officers an honest and strong suspicion that Albino was in constructive possession of the drugs.

■ The State's reliance on Albino's silence as a basis for probable cause is misplaced. Albino was arrested before she was asked about the camera case and remained silent. *See State v. Lohnes*, 344 N.W.2d 605, 610 (Minn.1984) (an arrest takes place when officers restrain a suspect's liberty of movement). Her purse had been taken, she was handcuffed, placed in a squad car and transported to the scene of the original stop. Albino's silence followed her arrest and therefore cannot be used as a basis for probable cause to arrest.

■ The remaining basis that the State asserts for probable cause is essentially Albino's presence in the truck where the drugs were found. Albino's mere presence in the vehicle, however, is not a sufficient basis to justify her arrest. *See State v. Brazil*, 269 N.W.2d 15 (Minn.1978); *State v. Slifka*, 256 N.W.2d 90 (Minn.1977); *State v. Clark*, 312 Minn. 44, 250 N.W.2d 199 (1977).[1]

---

**1.** The issue of mere presence has also been addressed in cases considering whether there was probable cause for a search. In *State v. Gobely*, 366 N.W.2d 600 (Minn.), *cert. denied,* —— U.S. ——, 106 S.Ct. 256, 88 L.Ed.2d 262 (1985), the defendant had entered an apartment

that the police were lawfully searching for stolen property. The police officers made a *Terry* stop and conducted a search of the defendant for weapons which resulted in the seizure of evidence. The supreme court noted that "[d]efendant's mere presence at the premises

■■■■■■■■■■■■■■

In *Slifka,* as in this case, the defendant was a passenger in a car that was stopped for an equipment violation. The defendant in that case was arrested after police officers found marijuana in the glove compartment. As the police officers were about to search the defendant, he tried to abandon drugs that were on him. The trial court suppressed the evidence and the State appealed.

The supreme court affirmed, agreeing that there was no probable cause to arrest the defendant and therefore the search was illegal. The officer arguably had probable cause to believe the driver constructively possessed the drugs because he owned the car and was in control of it at the time. 256 N.W.2d at 91. The defendant's "mere presence" in the car, however, did not constitute probable cause to believe that he was in constructive possession of marijuana. *Id.*

In *Clark,* the supreme court reversed defendant's conviction, stating that:

[a] person cannot be arrested and searched merely because he is found in suspicious circumstances.

312 Minn. at 49, 250 N.W.2d at 202. Similarly, in *Brazil,* 269 N.W.2d 15, the court affirmed the trial court's suppression of evidence, observing that mere presence was not a proper basis for probable cause. Quoting from the trial court's memorandum, the *Brazil* court stated that:

suspicion must be supported by strong circumstances pointing toward the defendant's guilt * * *.

*Id.* at 19.

The record in the present case does not evidence any strong circumstances that would point to Albino's guilt. She did not flee the scene, she was never observed making any furtive movements or trying to hide the camera case, nor did she claim any

ownership or control over the vehicle. When she knew the truck was going to be impounded she made no effort to maintain control over it. Finally, the drugs were in a closed case. Under these facts, the police officers had no probable cause to believe that Albino was in constructive possession of the drugs found in the camera case.

## II.

■■■■ Because the police officers did not have probable cause to arrest Albino, the drugs found in her jacket during the search incident to her arrest must be suppressed as fruits of an illegal arrest. *See Slifka,* 256 N.W.2d at 91; *Clark,* 312 Minn. at 48–49, 250 N.W.2d at 202. Also, the incriminating statements Albino made following her illegal arrest and confinement must be suppressed. The record provides no evidence of any intervening circumstances that would have removed the taint of the illegal arrest. *See Dunaway v. New York,* 442 U.S. 200, 99 S.Ct. 2248, 60 L.Ed.2d 824 (1979); *Brown v. Illinois,* 422 U.S. 590, 95 S.Ct. 2254, 45 L.Ed.2d 416 (1975).

## DECISION

There was no probable cause to arrest appellant for constructive possession of illegal drugs found in a truck in which she was a passenger. The drugs and incriminating statements obtained as a result of this illegal arrest must be suppressed.

Reversed.

---

being searched would not in itself ordinarily justify a search for weapons." *Id.* at 602. In this case, however, the officers had other information that justified the search.

In *State v. Hinkel,* 365 N.W.2d 774 (Minn. 1985), the supreme court upheld a general search warrant for a house and anyone on the premises. The court noted that ordinarily such

a warrant would not be justified, however, in this case the house was an after-hours tippling house; therefore, "there was little chance that any patron * * * was not participating in its illegal activities." *Id.* at 776. Also, the search could be justified as incident to a lawful arrest. *Id.*