### Richmond

## KIRO RAHEEM SMITH

v.

## COMMONWEALTH OF VIRGINIA

No. 0459-90-2

Decided August 6, 1991

COUNSEL

Carolyn V. Grady (David J. Johnson, Public Defender; Kimberly B. O'Donnell, Senior Assistant Public Defender, on brief), for appellant.

Janet F. Rosser, Assistant Attorney General (Mary Sue Terry, Attorney General, on brief), for appellee.

OPINION

**BARROW, J.**—This appeal is from a conviction of possession of cocaine with intent to distribute. We conclude that insufficient justification existed for the investigatory stop which led to the discovery of the cocaine in the defendant's possession and that, therefore, the trial court erred in denying the defendant's motion to

suppress evidence of the cocaine.

A Richmond police officer saw the defendant shortly after 10:00 p.m. on a playground. The officer was a member of a special unit investigating drugs and firearms. He had made drug related arrests at the playground before and knew that it had a reputation for being a place where drugs were prevalent.

The officer, in a marked police car, had just turned a corner near the playground when he first saw the defendant, looking in the direction of the police car, suddenly move and stick something in the front of his sweatpants with his right hand.

The officer stopped, approached the defendant, identified himself, detained the defendant and began to search him by patting his clothing. The defendant struggled, causing the police officer to hold the defendant's arms in the air. After more struggling, the officer grabbed the front of the defendant's pants, pulling them open so he could see what was inside. As the officer grabbed the defendant's pants, the defendant pulled away in a backward motion causing the pants to open. When the pants opened, the officer saw a clear plastic bag full of what appeared to be blue-capped vials of crack cocaine.

The defendant fled, but was captured by the police officer. The officer retraced the defendant's flight and about sixty to seventy feet away from the place where he was first apprehended, the officer found a clear plastic bag with nineteen blue-capped vials of crack cocaine. The defendant later admitted that this bag belonged to him.

The officer explained that he had detained and searched the defendant because he suspected he may have been concealing either a weapon or drugs. He also said that he feared that the defendant had hidden either a weapon or an AIDS-infected needle in his pants.

■ Before making an investigatory stop, a police officer must have reasonable suspicion that an individual is involved in criminal activity. *Terry v. Ohio*, 392 U.S. 1, 21 (1968). He "must have a particularized and objective basis for suspecting the particular person stopped of criminal activity." *Goodwin v. Commonwealth*, 11 Va. App. 363, 366, 398 S.E.2d 690, 691-92 (1990) (quoting *United States v. Cortez*, 449 U.S. 411, 417-18 (1981)). The of-

ficer's suspicion must be based on more than just a guess or a hunch. *Moss v. Commonwealth*, 7 Va. App. 305, 308, 373 S.E.2d 170, 172 (1988).

■ Whether sufficient cause exists to warrant an investigatory stop is determined by the totality of the circumstances. *Cortez*, 449 U.S. at 417. In examining the circumstances, we recognize that a trained police officer may be able "to perceive and articulate meaning to given conduct which would be wholly innocent to the untrained observer." *Iglesias v. Commonwealth*, 7 Va. App. 93, 101, 372 S.E.2d 170, 174 (1988) (quoting *United States v. Gooding*, 695 F.2d 78, 82 (4th Cir. 1982)). However, we "must apply objective standards in determining whether the requisite degree of suspicion exists" to justify an investigatory stop. *Iglesias*, 7 Va. App. at 101, 372 S.E.2d at 179.

■ The circumstances we may consider include "the 'characteristics of the area' where the stop occurs, the time of the stop, whether late at night or not, as well as any suspicious conduct of the person accosted such as an obvious attempt to avoid officers or any nervous conduct on the discovery of their presence." *Williams v. Commonwealth*, 4 Va. App. 53, 67, 354 S.E.2d 79, 87 (1987) (quoting *United States v. Bull*, 565 F.2d 869, 870-71 (4th Cir. 1977), *cert. denied*, 435 U.S. 946 (1978)). More specifically, twisting an unidentified white object between one's fingers is not a reasonable basis for suspecting criminal activity. *See Moss*, 7 Va. App. at 308, 373 S.E.2d at 172. Similarly, seeing a person walk out from an open area behind an apartment building in a high crime area and, upon seeing a police car, "jam" his hand into the pocket of a burly winter coat tied around his waist is not adequate justification to stop the person for an investigation. *See Goodwin*, 11 Va. App. at 367, 398 S.E.2d at 692.

■ A police officer who has stopped someone because of suspected criminal activity may conduct a search of the person for weapons if the officer reasonably suspects that the person is dangerous. *Jones v. Commonwealth*, 230 Va. 14, 19, 334 S.E.2d 536, 539-40 (1985) (citing *Terry*, 392 U.S. at 30). An informant's tip that a suspect is involved in the distribution of cocaine permits an inference of dangerousness. *Williams*, 4 Va. App. at 67, 354 S.E.2d at 87.

In this case, the police officer saw the defendant at night in a playground where drug activity was known to occur. He saw the defendant quickly move to put his hand into his pants when the officer's marked car came into view. However, the police officer had received no information about the defendant nor had he observed any other behavior which would have indicated that the defendant was involved in criminal activity. The officer's observations, standing alone, were not sufficient to justify an investigatory stop and a search of the defendant's person pursuant to that stop.

█ The Commonwealth argues that the defendant abandoned the cocaine, and, therefore, even if the stop of the defendant was illegal, the cocaine is, nevertheless, admissible. Contraband abandoned during flight is admissible into evidence if an accused has not been previously seized. *California v. Hodari*, 111 S. Ct. 1547, 1552 (1991). Even if there has been a prior seizure, contraband abandoned during flight may be admissible if not disclosed during the seizure. *Id.* However, contraband abandoned during flight is not admissible if it is the product of a prior illegal seizure. *See United States v. Beck*, 602 F.2d 726, 729-30 (5th Cir. 1979); *United States v. Newman*, 490 F.2d 993, 995 (10th Cir. 1974); *People v. Shabaz*, 424 Mich. 42, 66, 378 N.W.2d 451, 461-62 (1985); *State v. Bennett*, 430 A.2d 424, 428 (R.I. 1981); *State v. Dineen*, 296 N.W.2d 421, 422 (Minn. 1980); *Commonwealth v. Pollard*, 450 Pa. 138, 144, 299 A.2d 233, 236 (1973); *State v. Reed*, 284 So. 2d 574, 575 (La. 1973).

The cocaine in this case, although abandoned by the defendant during flight, was first discovered by the police officer during his attempt to search the defendant during an investigatory stop. Since the search of the defendant was not justified by the circumstances, the discovery of the cocaine was the product of an illegal search and, therefore, inadmissible into evidence. For this reason, the judgment of conviction is reversed.

*Reversed.*

Benton, J., and Elder, J., concurred.