COURT OF APPEALS OF VIRGINIA

Present: Judges Baker, Annunziata and Senior Judge Cole
Argued at Richmond, Virginia


MICHAEL LAMONT MASON

MEMORANDUM OPINION[*] BY
v.   Record No. 0219-97-2        JUDGE ROSEMARIE ANNUNZIATA
                                 MAY 5, 1998
COMMONWEALTH OF VIRGINIA


FROM THE CIRCUIT COURT OF THE CITY OF PETERSBURG
Oliver A. Pollard, Jr., Judge

Elizabeth D. Scher (Anthony G. Spencer;
Morchower, Luxton & Whaley, on briefs), for
appellant.

Jeffrey S. Shapiro, Assistant Attorney
General (Mark L. Earley, Attorney General, on
brief), for appellee.


Michael Lamont Mason (appellant) appeals his convictions for

possession of cocaine and possession of a firearm while in

possession of a controlled substance, in violation of Code

§§ 18.2-250 and 18.2-308.4, respectively.  Appellant contends

that the evidence against him was unlawfully seized because the

police did not possess reasonable articulable suspicion to stop

the car in which he was riding.  Finding no error, we affirm.

At roughly 3:00 a.m. on September 10, 1995, Officer K.D.

Johnson informed Officer Chris Hoang to be on the lookout for a

"darkened" or "dark in color" Honda Accord containing four

African-American males.  Hoang learned that the Accord had been

involved in a drive-by shooting on Fillmore Street five or ten

_____

[*]Pursuant to Code § 17-116.010 this opinion is not
designated for publication.

minutes previously.

At approximately 3:20 a.m., Hoang spotted a Honda Accord driven by appellant near Fillmore Street, three blocks from the location of the drive-by shooting. He described the color of the Accord as "copper, brownish" or "brownish orange." Hoang called the license number of the Accord into the police station to determine if the number matched that of the car in the drive-by shooting, but the station did not respond. As Hoang waited parallel to the Accord at a stoplight, he observed the four African-American male occupants "kind of like glancing at [him], twitching around." One person in the back of the car bent down, and the other "scoot[ed] down" in his seat. The Accord turned into a gas station, drove into an alley, and "went around the whole block."

After briefly following the Accord, Hoang saw other police officers and informed them that he believed the Accord might be the vehicle the police were looking for. The officers stopped the Accord, pulled appellant and the other occupants out of the car, and handcuffed them. The police discovered cocaine and a firearm in a bag under the driver's seat.

Appellant filed a motion to suppress the evidence seized from the Accord. The court overruled appellant's motion to suppress, and, sitting without a jury, found the appellant guilty.

Appellant contends that the evidence against him was

2

illegally seized because the police lacked reasonable articulable suspicion to stop his vehicle. "On appeal, the burden is on appellant to show, considering the evidence in the light most favorable to the Commonwealth, that the denial of the motion constituted reversible error." Stanley v. Commonwealth, 16 Va. App. 873, 874, 433 S.E.2d 512, 513 (1992) (citing Fore v. Commonwealth, 220 Va. 1007, 1010, 265 S.E.2d 729, 731 (1980)). We are bound by a trial court's findings of historical fact unless the findings are plainly wrong or without evidence to support them, but we review "'[u]ltimate questions of reasonable suspicion'" de novo. McGee v. Commonwealth, 25 Va. App. 193, 197, 487 S.E.2d 259, 261 (1997) (en banc) (quoting Ornelas v. United States, 116 S. Ct. 1657, 1659 (1996)).

In order to stop a motor vehicle, a police officer must have "at least articulable and reasonable suspicion" that the operator or occupants of the vehicle are in violation of the law. Delaware v. Prouse, 440 U.S. 648, 663 (1979); accord, e.g., Commonwealth v. Thomas, 23 Va. App. 598, 610, 478 S.E.2d 715, 721 (1996) (citing Prouse, 440 U.S. at 663). In evaluating whether a police officer had reasonable articulable suspicion, we must consider "'the totality of the circumstances.'" Murphy v. Commonwealth, 9 Va. App. 139, 144, 384 S.E.2d 127, 128 (1989) (quoting United States v. Sokolow, 490 U.S. 1, 8 (1989)). We acknowledge that "trained and experienced police officers . . . may be able to perceive and articulate meaning in given conduct

3

which would be wholly innocent to the untrained observer." Buck v. Commonwealth, 20 Va. App. 298, 302, 456 S.E.2d 534, 536 (1995) (citing Richards v. Commonwealth, 8 Va. App. 612, 616, 383 S.E.2d 268, 271 (1989)).

Here, Hoang received a description of a wanted vehicle as a dark-colored Honda Accord with four African-American male occupants. Appellant's car matched the make, model, and dark coloring of the wanted car. The number of occupants of the wanted car matched the number of occupants in appellant's car. See State v. Kyles, 607 A.2d 355, 364 (Conn. 1992) (finding reasonable articulable suspicion to stop a car where the description of the car and perceived number of occupants matched the defendant's car). The gender and race of the occupants of appellant's car also matched those listed in the description. See Wells v. Commonwealth, 6 Va. App. 541, 552, 371 S.E.2d 19, 24 (1988) (allowing police officer to consider race and gender in identifying whether a person matched a description).

Furthermore, appellant's car was spotted less than thirty minutes after the shooting only three blocks from the scene of the shooting. See Howard v. Commonwealth, 210 Va. 674, 677-78, 173 S.E.2d 829, 832 (1970) (finding stop reasonable based on, inter alia, temporal and physical proximity to crime); Wells, 6 Va. App. at 552, 371 S.E.2d at 24 ("Proximity to the scene of a recently committed crime is another factor which police may consider in determining whether to engage in a Terry stop.").

4

Finally, the occupants of appellant's car sought to avoid observation by Hoang upon seeing him.  See Smith v. Commonwealth, 12 Va. App. 1100, 1103, 407 S.E.2d 49, 52 (1991) (allowing consideration of "`suspicious conduct of the person accosted such as an obvious attempt to avoid officers'" (quoting Williams v. Commonwealth, 4 Va. App. 53, 67, 354 S.E.2d 79, 87 (1987))).

Appellant argues that the information available to the police was too vague to provide the individualized suspicion required by the Fourth Amendment.  To the contrary, the confluence of factors known to the police provided reasonable articulable suspicion that appellant and the other occupants in the car were involved in the earlier drive-by shooting. Therefore, we affirm appellant's convictions.

Affirmed.

5