COURT OF APPEALS OF VIRGINIA


Present:  Judges Coleman, Willis and Bumgardner
Argued by teleconference


COMMONWEALTH OF VIRGINIA
                                    MEMORANDUM OPINION[*] BY
v.         Record No. 0254-98-3    JUDGE SAM W. COLEMAN III
                                          JUNE 23, 1998
MICHAEL (NMN) NORRIS, JR.


               FROM THE CIRCUIT COURT OF THE CITY OF LYNCHBURG
                     Mosby G. Perrow, III, Judge

            Steven A. Witmer, Assistant Attorney General
            (Mark L. Earley, Attorney General, on brief),
            for appellant.

            Clinton R. Shaw, Jr. (Office of the Public
            Defender, on brief), for appellee.


      Michael Norris, Jr. was indicted for possession of cocaine

in violation of Code § 18.2-248.  Following an evidentiary

hearing, the trial court granted Norris' motion to suppress

cocaine recovered by police after his arrest on the ground that

police arrested him without probable cause.  The Commonwealth

appeals the trial court's ruling pursuant to Code § 19.2-398(2).

 We hold that the trial court erred in granting the motion to

suppress because the cocaine was discarded by Norris during his

flight from police officers and was not seized pursuant to

Norris' arrest.  Accordingly, we reverse and remand.

      Lynchburg Police Officer Brad Nesselroade and another

officer responded to a police report "regarding a particular

---
      [*]Pursuant to Code § 17-116.010 this opinion is not
designated for publication.

suspect" at the 2100 block of Main Street in Lynchburg.  When Nesselroade arrived at the scene, he saw Norris standing alone. Norris fit the description of the suspect in the police report. Upon seeing the officers approaching from their parked police cruiser, Norris turned and began to walk away.  Nesselroade testified that Norris dropped a cellophane wrapper to the ground as he walked away.  Nesselroade placed Norris in custody immediately upon seeing him drop the cellophane wrapper.  After the arrest, Nesselroade retrieved the wrapper and found cocaine inside.

Nesselroade conceded that he did not know what was inside the cellophane wrapper when he arrested Norris.  The officer explained that, based on his experience, he was aware that cellophane wrappers were often used to conceal drugs. Nesselroade further testified that he did not say anything to Norris until after Norris dropped the wrapper and that, in his "best estimation," he did not draw his service revolver while apprehending Norris.

A bystander testified that the two officers exited the police vehicle with their revolvers drawn, pointed them at Norris, and commanded Norris to "get down."  He stated that in response to the officers' demands, Norris took "no more than two steps" and lay down on the pavement.  The bystander did not see Norris discard the cellophane package.

The trial court granted Norris' motion to suppress the

cocaine.  The court held that Nesselroade lacked probable cause to arrest Norris because at the time of the arrest the officer had not ascertained the contents of the cellophane wrapper.  The Commonwealth appealed the trial court's ruling.

When the Commonwealth appeals a trial court's grant of a motion to suppress, we must view the evidence in the light most favorable to the defendant and grant it all reasonable inferences fairly deducible therefrom.  See Commonwealth v. Grimstead, 12 Va. App. 1066, 1067, 407 S.E.2d 47, 48 (1991).  We are bound by the trial court's findings of historical fact unless plainly wrong or without evidence to support it.  Neal v. Commonwealth, 27 Va. App. 233, 237, 498 S.E.2d 422, 424 (1998) (citing Ornelas v. United States, 517 U.S. 690, 691 (1996)).  Also, we will uphold the trial court's suppression ruling unless it is plainly wrong or without evidence to support it.  See Commonwealth v. Thomas, 23 Va. App. 598, 609, 478 S.E.2d 715, 720 (1996).

The trial court erred in ruling that the cocaine had to be suppressed because the arrest that followed after Norris discarded the drugs was illegal.  When the Fourth Amendment is implicated, the exclusionary rule operates only to exclude evidence that is seized or discovered as a result of an illegal search or seizure.  See Gilpin v. Commonwealth, 26 Va. App. 105, 112-13, 493 S.E.2d 393, 397 (1997).  A seizure occurs when an individual is either physically restrained or submits to a show of authority.  California v. Hodari D., 499 U.S. 621, 625 (1991);

- 3 -

Ford v. City of Newport News, 23 Va. App. 137, 142, 474 S.E.2d 848, 850 (1996). An individual who flees from police and does not submit to police authority is not "seized" under the Fourth Amendment. Hodari D., 499 U.S. at 623-24; Woodson v. Commonwealth, 245 Va. 401, 405, 429 S.E.2d 27, 29 (1993). Therefore, contraband abandoned during flight before an accused is physically restrained by police or submits to a show of police authority is admissible into evidence. Hodari D., 499 U.S. at 624-25; Smith v. Commonwealth, 12 Va. App. 1100, 1104, 407 S.E.2d 49, 52 (1991).

Here, the evidence clearly established that Norris abandoned the cocaine before the officer arrested him. Thus, the cocaine was not seized or discovered as a result of Norris' arrest, and the exclusionary rule does not require the suppression of the cocaine. See Hodari D., 499 U.S. at 625.

Norris contends on brief, and contended at the suppression hearing, that he was unlawfully seized before he discarded the cocaine. Norris argued that the evidence, viewed in the light most favorable to him, proved that the officers drew their weapons and ordered him to "get down" and that, in response to the officers' show of authority, he surrendered himself and relinquished the cocaine.

We do not consider Norris' argument in this appeal. The only issue before us is whether the trial court's suppression order, which was based on the court's ruling that Norris was

illegally arrested after the cocaine was discarded, was reversible error. In reaching its decision, the trial court did not make findings of historical fact or resolve the conflicts in the evidence as to whether the officers had drawn their weapons or whether an earlier seizure had occurred. Accordingly, because the trial court has not resolved the credibility or factual issues and has not ruled upon whether Norris was seized without probable cause prior to discarding the cocaine, we do not address that issue.

For the foregoing reasons, we reverse the trial court's suppression of the cocaine and remand the case for further proceedings in accordance with this opinion.

<u>Reversed and remanded.</u>