# CIRCUIT COURT OF THE CITY OF RICHMOND

Commonwealth of Virginia

v.

Donald Louis Lucas

February 25, 2002

Possession of Marijuana: M-02-18
Driving Under the Influence with Prior Conviction(s): M-02-19
Driving on a Suspended Operator's License: M-02-20

BY JUDGE MARGARET P. SPENCER

The defendant seeks to suppress evidence recovered by a Virginia Commonwealth University police officer, Donald Clayton. The issue before the Court is whether Officer Clayton had probable cause to arrest the defendant and seize the evidence after observing what the officer believed to be a rewrapped, hand-rolled marijuana cigar. After reviewing the Motion to Suppress, the applicable law, and the evidence presented at the hearing on the matter, Defendant's Motion to Suppress is denied. The officer saw what he believed to be a hand-rolled marijuana cigar and had probable cause to arrest the defendant and seize the marijuana. However, no seizure occurred in this case. The defendant had not submitted to the police officer's show of authority prior to throwing the marijuana cigar out of the window. Therefore, the cigar recovered by the officer was abandoned.

On March 23, 2001, at approximately 1:50 a.m., Officer Clayton observed a car parked in the college station parking lot. The parking lot was well lit by several street lights. (Tr. at 7, 8.) As Officer Clayton passed the car, while riding a bicycle, he noticed what he believed to be a rewrapped, hand-rolled marijuana cigar sitting in the open ashtray. (Tr. at 7, 9, 10.)

Officer Clayton had been a police officer for Virginia Commonwealth University for approximately 5½ years and had the opportunity to observe marijuana, specifically rewrapped, hand-rolled marijuana cigars known as "blunts," on approximately fifty to one hundred occasions. (Tr. at 13-14.) Additionally, he had made approximately ten or fifteen drug arrests in the college station parking lot. (Tr. at 16.)

When Officer Clayton first observed the marijuana cigar, he did not see the defendant. (Tr. at 11.) Officer Clayton watched the car periodically throughout the night to see if anyone had returned to the car. He eventually saw the defendant and two others enter the car and drive off. (Tr. at 11.) The defendant was the driver of the vehicle, and the other two persons were in the front passenger seat and the back seat. (Tr. at 15.)

Officer Clayton, who was then driving a motor vehicle, followed the car. He observed the defendant make slow, wide turns on at least two occasions. Officer Clayton initiated the flashing lights on his police car. (Tr. at 12, 15.) When Officer Clayton initiated the flashing lights, the defendant had not yet reached the intersection. The defendant did not stop his car. (Tr. at 16, 17.) The defendant proceeded through the intersection and, while crossing the intersection, dropped the marijuana cigar out the window. Officer Clayton saw the defendant drop the marijuana cigar out the window. (Tr. at 16.) After the defendant crossed the intersection, he pulled over and stopped the vehicle. (Tr. at 16.) The cigar was subsequently recovered, submitted to the state laboratory for analysis, and introduced into evidence at the suppression hearing. (Tr. at 7-8.)

*Probable Cause*

"In order to ascertain whether probable cause exists, courts will focus upon what the totality of the circumstances meant to police officers trained in analyzing the observed conduct for purposes of crime control." *Parker v. Commonwealth*, 255 Va. 96, 106, 496 S.E.2d 47, 53 (1998) (citing *Hollis v. Commonwealth*, 216 Va. 874, 877, 223 S.E.2d 887, 889 (1976)). When viewed within the totality of circumstances, the defendant's attempt to avoid police officers and to conceal an item in his possession are relevant considerations which may give an officer probable cause to believe that the defendant possessed contraband. *Id.*

In *Moss v. Commonwealth*, 30 Va. App. 219, 516 S.E.2d 246 (1999), the Court held that an officer had probable cause to arrest the defendant for possession of marijuana after he found a blunt in an open ashtray during a consensual search of the vehicle. The Court concluded that "trained and experienced police officers may be able to perceive and articulate meaning in

given conduct which would be wholly innocent to the untrained observer." *Id.* at 224 (citations omitted). Similarly, in *Wiggins v. Commonwealth*, Record No. 1532-98-1, June 22, 1999, two uniformed police officers saw the defendant riding a bicycle with "what appeared to be a brown, hand-rolled, bent and wrinkled cigar hanging from [his] mouth." The defendant was approximately 15 feet away from the officer when the officer saw him for approximately five to ten seconds. When the defendant saw the officer, he quickly raised his hand to his mouth and removed the cigar. *Id.* The officer testified that based on his observations and experience, the cigar appeared to be a marijuana cigar. The Court held "[i]n light of the inferences [the officer] drew from his experience and credibility the trial court afforded his testimony, we find that these facts are sufficient to conclude that [the officer] had probable cause to arrest appellant for possession of marijuana." *Id.*

Officer Clayton, who had 5½ years of experience as a police officer and had the opportunity to observe hand-rolled marijuana cigars on approximately fifty to one hundred occasions, observed what he believed to be a marijuana cigar in an open ashtray. Officer Clayton had previously made ten or fifteen drug arrests in this same parking lot. In this situation, the totality of circumstances, as they appeared to Officer Clayton, in light of his training and experience, led him to believe he had observed marijuana. Here, as in *Wiggins*, the totality of circumstances provided Officer Clayton with probable cause to arrest the defendant for possession of marijuana.

### Seizure

When an individual has not submitted to a police officer's command, a seizure "requires *either* physical force ... *or,* where that is absent, *submission* to the assertion of authority." *California v. Hodari D.,* 449 U.S. 621, 626 (1991). The Court of Appeals of Virginia has consistently interpreted *Hodari D.* to mean persons must either voluntarily comply with a police officer's show of authority or be forced to comply before a seizure occurs under the Fourth Amendment of the United States Constitution.

In *Barrett v. Commonwealth,* 18 Va. App. 773, 775, 447 S.E.2d 243, 245 (1994) (en banc), rev'd on other grounds, 250 Va. 243, 462 S.E.2d 109 (1995), the Court held that when a police officer signals a motorist with his flashing lights, a reasonable motorist would conclude that he must comply with the officer's authority and stop. This stop constitutes a Fourth Amendment seizure. Even though the officer initiates his flashing lights, *Hodari D.* requires the motorist to comply with the show of authority before a seizure actually occurs. See *Clarke v. Commonwealth,* 32 Va. App. 286, 298, 527 S.E.2d 484, 490 (2000). "Clarke responded to Officer Sypher's signal by

stopping his vehicle; consequently, Clarke was 'seized' *as a result of his compliance* with Officer Sypher's show of authority." *Id.* at 299 (emphasis added) (referring to *Hodari D.*, 499 U.S. at 626; *Barrett*, 18 Va. App. at 775, 447 S.E.2d at 245).

After observing what he believed to be a rewrapped, hand-rolled marijuana cigar in a car, Officer Clayton saw the defendant enter the car and drive away. Officer Clayton then followed the car and initiated his flashing lights. The defendant, however, did not immediately stop but continued to drive the car. He drove through an intersection before stopping his vehicle and submitting to Officer Clayton's show of authority. Even after stopping the car, the defendant could have run away, without submitting to police authority. For this reason, the defendant was not seized until he stopped his vehicle *and* submitted to Officer Clayton's show of authority.

### Abandonment

Contraband discarded by a suspect running from police, and not submitting to the assertion of authority, is considered abandoned and not fruit of the seizure. *Hodari D.*, 449 U.S. at 629; *Smith v. Commonwealth*, 12 Va. App. 1100, 1104, 407 S.E.2d 49, 52 (1991) ("Contraband abandoned during flight is admissible into evidence if an accused has not been previously seized. ....").

In *Commonwealth v. Norris*, Record No. 0254-98-3, June 23, 1998, the Court of Appeals of Virginia held a trial court erred in granting a motion to suppress because the cocaine was discarded by the defendant during his flight from police officers and, therefore, was not seized pursuant to his arrest. The Court reasoned that "[a]n individual who flees from police and does not submit to police authority is not 'seized' under the Fourth Amendment. ... Therefore, contraband abandoned during flight before an accused is physically restrained by police or submits to a show of police authority is admissible into evidence." *Id.* (citations omitted).

As previously stated, the defendant was not seized until he pulled over, stopped, and submitted to police authority. When the defendant threw the contraband out the window, Officer Clayton had initiated his flashing lights, but the defendant had not yet submitted to police authority. The contraband was abandoned during flight and was lawfully recovered by the police.

In conclusion, Officer Clayton had probable cause to arrest the defendant when he observed the defendant in possession of a rewrapped, hand-rolled marijuana cigar. The defendant was not seized until he actually stopped his car and submitted to Officer Clayton's show of authority. Therefore, because the defendant was not seized until after he threw the contraband out the

window, the contraband was abandoned and lawfully recovered by the police. The defendant's motion to suppress is denied.