COURT OF APPEALS OF VIRGINIA


Present:   Judges Frank, Humphreys and Haley
Argued at Salem, Virginia


TEDDIOUS DEVON CARTER

                                            MEMORANDUM OPINION[*] BY
v.        Record No. 2322-06-3              JUDGE JAMES W. HALEY, JR.
                                                 APRIL 15, 2008
COMMONWEALTH OF VIRGINIA


            FROM THE CIRCUIT COURT OF THE CITY OF LYNCHBURG
                          Mosby G. Perrow, III, Judge

            Joseph A. Sanzone (Sanzone & Baker, P.C., on brief), for appellant.

            Josephine F. Whalen, Assistant Attorney General II (Robert F.
            McDonnell, Attorney General, on brief), for appellee.


        Teddious Devon Carter ("appellant") appeals his conviction for possessing cocaine in

violation of Code § 18.2-250.  He contends that the trial court erred in denying his motion to

suppress evidence obtained as the result of an investigative detention because the detention was

not supported by a reasonable suspicion that appellant was engaged in criminal activity.  For the

reasons that follow, we disagree with appellant and affirm his conviction.

                                         FACTS

        On August 31, 2005, Officers Bailey and Hinkley of the City of Lynchburg Police

Department saw appellant walking down the left side of a street in a neighborhood that Officer

Bailey later described as an open-air drug market.  Officer Bailey saw appellant lift something up

to his mouth with his hand and lick the entire length of the item he was holding.  It appeared to

Officer Bailey, who had four and a half years' experience with the police department, that

appellant was rolling a marijuana cigarette.  Officer Bailey testified that he had seen people roll

        [*] Pursuant to Code § 17.1-413, this opinion is not designated for publication.

marijuana cigarettes before.  Appellant looked at the police officers and quickly placed the hand in which he held the item down on the left side of his body, which was also the side of his body furthest away from the police officers.

After getting out of the vehicle in which the two policemen had been traveling, Officer Hinkley said to appellant, "Hey, I need to speak with you."  Appellant ran away from the police officers.  They pursued him, on foot, as appellant jumped over a fence and through the front door and out the back door of a local residence.  The police caught up with him in the backyard of the residence and asked appellant where he had put the marijuana.  Appellant told them that it was in his pocket.  During a search of appellant's front right coin pocket, Officer Hinkley found two off-white rocks of cocaine.

In denying appellant's pretrial motion to suppress the cocaine, the trial judge made the following conclusions:

> Walking down the street in a high crime area – rolling a – apparently rolling a cigarette in and of itself is innocuous.  You can always have a consensual encounter.  But I find as a fact that while he was in the process of doing that, he made eye contact with the officers in the car in uniform, although it was unmarked, and he immediately dropped the object, what they thought was a cigarette, to his side.  They got out to talk to him and then he ran.  And I think at that point they had a reasonable articulable suspicion in which to pursue an investigation.  When they finally detain him and backed him out of the house they say, "Where is the marijuana?"  And he says, "In my pocket."  And at that point they've got probable cause to arrest him.

## ANALYSIS

In reviewing a trial court's denial of a motion to suppress, we consider the evidence in the light most favorable to the Commonwealth.  McGee v. Commonwealth, 25 Va. App. 193, 197, 487 S.E.2d 259, 261 (1997) (en banc).  "[A] defendant's claim that evidence was seized in violation of the Fourth Amendment presents a mixed question of law and fact that we review *de*

*novo* on appeal." King v. Commonwealth, 49 Va. App. 717, 720, 644 S.E.2d 391, 392 (2007) (citing Ornelas v. United States, 517 U.S. 690, 691 (1996)). When considering the sufficiency of the evidence on appeal, we give the benefit of all reasonable inferences deducible from the evidence to the party prevailing below. Shropshire v. Commonwealth, 40 Va. App. 34, 38, 577 S.E.2d 521, 523 (2003). We will not set aside the judgment of the trial court unless it is plainly wrong or without evidence to support it. Martin v. Commonwealth, 4 Va. App. 438, 443, 358 S.E.2d 415, 418 (1987).

Even an officer without probable cause to arrest may stop and briefly detain a person to investigate a reasonable suspicion, supported by articulable facts, that criminal activity may be afoot. Terry v. Ohio, 392 U.S. 1, 30 (1968). In this case, the trial judge decided that appellant's attempt to conceal the hand-rolled cigarette from the officers, together with his flight when they approached him, established a reasonable suspicion of criminal activity. Both of these factors have been highly relevant to prior Fourth Amendment decisions. "Headlong flight – whenever it occurs – is the consummate act of evasion: it is not necessarily indicative of wrongdoing, but it is certainly suggestive of such." Illinois v. Wardlow, 526 U.S. 119, 124 (2000). "We have found that the requisite probable cause for a warrantless search of a vehicle existed based on the police officer's belief that a hand-rolled cigarette held by a passenger contained marijuana combined with the passenger's actions in attempting to hide or get rid of the hand-rolled cigarette." Brown v. Commonwealth, 270 Va. 414, 420, 620 S.E.2d 760, 763 (2005) (citing Hollis v. Commonwealth, 216 Va. 874, 877, 223 S.E.2d 887, 889 (1976)).

The facts of Hollis are somewhat different from the facts of this case. In Hollis, the police searched the defendant's vehicle, not his person, and their search was also made in response to information from an anonymous informant alleging that there were drugs in the

vehicle. 216 Va. at 875, 223 S.E.2d at 888. Nevertheless, our Supreme Court decided that, while the informant's tip was not by itself enough to justify searching the vehicle, the information available to the police reached the higher standard of probable cause when the defendant quickly disposed of his hand-rolled cigarette after the police shined a spotlight into his vehicle. Id. at 877, 223 S.E.2d at 889. See also Lawson v. Commonwealth, 217 Va. 354, 357, 228 S.E.2d 685, 687 (1976) (informant's tip, together with attempt by defendant to discard small yellow envelope which officer testified resembled "nickel bag of marijuana," gave officer probable cause to search the vehicle). We believe appellant's apparent attempt to move his hand-rolled cigarette to a place where the officers could not see it, together with his headlong flight when the police approached him, met the somewhat lower standard of a reasonable suspicion of criminal activity.

Appellant argues that the trial court erred in considering his flight from the police because his attempt to run away came after the police first approached him. However, courts decide the legality of a seizure based on the facts known to the officers at the time of the seizure. Wells v. Commonwealth, 6 Va. App. 541, 550, 371 S.E.2d 19, 23-24 (1988) (citing Terry, 392 U.S. at 21-22). A seizure of the person does not occur until either the officers apply physical force to the person seized or the person seized submits to a show of police authority. California v. Hodari D., 499 U.S. 621, 626 (1991). See Farmer v. Commonwealth, 21 Va. App. 111, 114, 462 S.E.2d 564, 565 (1995). Before he ran away from the police, the officers had not touched him. It would also be patently unreasonable to decide that appellant submitted to a show of official authority when he ran away from the police. Thus, appellant had not yet been seized at the time he ran away and, therefore, the trial judge did not err in considering appellant's flight from the police in deciding appellant's motion to suppress.

We are not persuaded otherwise by appellant's discussion of our precedents. While appellant is correct that we reversed the defendant's conviction in <u>Smith v. Commonwealth</u>, 12 Va. App. 1100, 407 S.E.2d 49 (1991), the police in <u>Smith</u> seized the defendant by grabbing his arms *before* the defendant fled from the officers. <u>Id.</u> at 1102, 407 S.E.2d at 51. In the other two cases on which appellant relies, the defendant *never* attempted to flee from the police officers. <u>McGee</u>, 25 Va. App. at 197, 487 S.E.2d at 261; <u>Goodwin v. Commonwealth</u>, 11 Va. App. 363, 365, 398 S.E.2d 690, 691 (1990). The fact that appellant fled from the police before the police seized him meaningfully distinguishes this case from <u>Smith</u>, <u>McGee</u>, and <u>Goodwin</u>. Because we find that the trial court did not err in denying appellant's motion to suppress, we affirm appellant's conviction.

<u>Affirmed.</u>