COURT OF APPEALS OF VIRGINIA

Present: Judges Malveaux, Athey and Callins

SHAWNTAY LAKEITH SWANN

MEMORANDUM OPINION[*]

v.     Record No. 0280-22-3

PER CURIAM
JANUARY 24, 2023

COMMONWEALTH OF VIRGINIA

FROM THE CIRCUIT COURT OF THE CITY OF DANVILLE
James J. Reynolds, Judge

(Jason S. Eisner, on brief), for appellant.

(Jason S. Miyares, Attorney General; Robin M. Nagel, Assistant
Attorney General, on brief), for appellee.


Shawntay Lakeith Swann was convicted in the Circuit Court of the City of Danville for

possession of a Schedule I or II narcotic, in violation of Code § 18.2-250, and possession of

ammunition by a convicted felon, in violation of Code § 18.2-308.2. Swann argues that the trial

court erred in denying his motion to suppress and in finding that the evidence was sufficient for a

finding of guilt under Code § 18.2-250.[1] After examining the briefs and record in this case, the

panel unanimously holds that oral argument is unnecessary because "the appeal is wholly without

merit." Code § 17.1-403(ii)(a); Rule 5A:27(a). We affirm the decision of the trial court.

## BACKGROUND

"In accordance with familiar principles of appellate review, the facts will be stated in the

light most favorable to the Commonwealth, the prevailing party at trial." *Gerald v.*

---

[*] Pursuant to Code § 17.1-413, this opinion is not designated for publication.

[1] Swann does not contest the sufficiency of the evidence for his violation of Code
§ 18.2-308.2. He only argues that the evidence was insufficient to prove he knew that dollar bills
found in his pocket contained cocaine, in violation of Code § 18.2-250.

*Commonwealth*, 295 Va. 469, 472 (2018) (quoting *Scott v. Commonwealth*, 292 Va. 380, 381 (2016)).

On July 5, 2020, Danville Police Officer Stephanie Ortiz was working routine patrol on North Main Street in Danville. Officer Ortiz was familiar with the area because she had been patrolling it for five months. At around 3:00 a.m., Officer Ortiz was driving on North Main Street when she observed a 2006 Jeep Cherokee moving slowly in the northbound lane. The operator of the vehicle was driving below the twenty-five mile-per-hour speed limit. Officer Ortiz followed the Jeep for a quarter of a mile and observed the vehicle swerve once over the yellow solid lines into the southbound lane and then drift into the far-right lane and pass once over the solid white lines "where the parking spots are on the side of the road." Based on this conduct, Officer Ortiz suspected that the driver of the Jeep was operating the vehicle under the influence of alcohol. Officer Ortiz continued to follow the vehicle for two blocks as it turned left onto West James Street, at which time the car sped up to about thirty miles per hour. Upon the vehicle's turn onto West James Street, Officer Ortiz initiated a traffic stop.

During the traffic stop, Officer Ortiz noticed that Swann's speech was "slurred, and very slow, and his responses were delayed." When Officer Ortiz asked Swann if he had consumed any alcohol, he responded that he drank a few beers. After running Swann's name and date of birth, Officer Ortiz learned that there was a misdemeanor warrant for Swann's arrest, so she asked him to step out of the vehicle and took him into custody. In a search incident to arrest, Officer Ortiz found a small plastic baggy containing five .380 caliber bullets in Swann's front left pocket and cash totaling $516 in his front right pocket. The bills were "all jumbled up." As Officer Ortiz counted the cash, she discovered two one-dollar bills that were "folded up multiple times" and contained a white powdered substance. Officer Ortiz "packaged" the one-dollar bills containing the white powdered substance for analysis and then transported Swann to the Danville City Jail. The

substance was sent to the state lab for analysis, where one dollar bill ultimately tested positive for cocaine powder. The other dollar bill contained residue and was not analyzed.

Swann filed a motion to suppress, and the trial court conducted a hearing on the motion prior to trial. After Officer Ortiz testified as to her reasoning for the stop, Swann testified that he noticed Officer Ortiz's police vehicle parked at a church as he drove on North Main Street. As he passed her, Officer Ortiz got behind him. Two seconds later, Swann turned left onto West James Street. Swann testified that he was driving the speed limit. Swann denied crossing over the double yellow line or into the parking area blocked off by a white line. He disputed that there is a parking area between where Officer Ortiz was stationary at the church and where he turned onto West James Street. Swann did not recall that he told Officer Ortiz he drank a few beers and denied consuming any alcohol or driving under the influence. The trial court denied the motion to suppress.

During trial, Swann moved to strike, arguing that the evidence was insufficient to prove he was aware of the nature and character of the illegal substance on the dollar bills. The trial court denied the motion to strike and found Swann guilty of possession of a Schedule I or II narcotic and possession of ammunition by a convicted felon. Swann noted this appeal.

ANALYSIS

Swann contends that the trial court erred in denying his motion to suppress and in finding him guilty of possessing the cocaine that was contained within the folded dollar bills found in his pocket. We disagree.

I. Motion to Suppress

"In reviewing the denial of a motion to suppress, we 'consider the facts in the light most favorable to the Commonwealth, the prevailing party at trial.'" *Aponte v. Commonwealth*, 68 Va. App. 146, 156 (2017) (quoting *Hairston v. Commonwealth*, 67 Va. App. 552, 560 (2017)). "It is the appellant's burden to show that when viewing the evidence in such a manner, the trial court

committed reversible error." *Id.* (quoting *Hairston*, 67 Va. App. at 560). "[A]lthough the ultimate question whether [the stop] violated the Fourth Amendment triggers *de novo* scrutiny on appeal, we defer to the trial court's findings of 'historical fact' unless such findings are 'plainly wrong or devoid of supporting evidence.'" *Mitchell v. Commonwealth*, 73 Va. App. 234, 245 (2021) (alterations in original) (quoting *Saal v. Commonwealth*, 72 Va. App. 413, 421 (2020)). "This deferential review of the facts 'requires us "to give due weight to inferences drawn from those facts by resident judges and local law enforcement officers."'" *Id.* (quoting *Hill v. Commonwealth*, 297 Va. 804, 808 (2019)).

"The Fourth Amendment protects individuals against unreasonable searches and seizures." *Joyce v. Commonwealth*, 72 Va. App. 9, 14 (2020). "[A] traffic stop for a suspected violation of law is a 'seizure' of the occupants of the vehicle and therefore must be conducted in accordance with the Fourth Amendment." *Mason v. Commonwealth*, 291 Va. 362, 367-68 (2016) (quoting *Heien v. North Carolina*, 574 U.S. 54, 60 (2014)). "To justify a traffic stop, officers need only reasonable suspicion, 'that is, "a particularized and objective basis for suspecting the particular person stopped" of breaking the law.'" *Joyce*, 72 Va. App. at 14 (quoting *Heien*, 574 U.S. at 60). "The test is not what the officer thought, but rather whether the facts and circumstances apparent to him at the time of the stop were such as to create in the mind of a reasonable officer in the same position a suspicion that a violation of the law was occurring . . . ." *Mason*, 291 Va. at 368.

> The circumstances to consider in making the determination include "the 'characteristics of the area' where the stop occurs, the time of the stop, whether late at night or not, as well as any suspicious conduct of the person accosted such as an obvious attempt to avoid officers or any nervous conduct on the discovery of their presence."

*Commonwealth v. Thomas*, 23 Va. App. 598, 611 (1996) (quoting *Smith v. Commonwealth*, 12 Va. App. 1100, 1103 (1991)).

- 4 -

The evidence in this case established that Officer Ortiz observed a vehicle on North Main Street in the City of Danville at three o'clock in the morning. The operator of the vehicle was driving below the posted speed limit. Officer Ortiz observed the vehicle swerve and cross over the solid yellow lines into the southbound lane, and then she saw the vehicle drift toward the far-right lane and pass the solid white lines, all within a quarter of a mile stretch of road. At that point, Officer Ortiz suspected that the driver of the Jeep was operating the vehicle under the influence of alcohol. Officer Ortiz continued to follow the vehicle as its driver turned onto a different street and then sped up to about thirty miles per hour. These facts, viewed in their totality, could lead a reasonable law enforcement officer to suspect that the driver of the vehicle was operating under the influence of alcohol and to further investigate.

Swann asserts on appeal, as he did in the trial court, that he was driving at a normal rate of speed, and he denies that he was weaving. However, in rendering its decision, the trial court expressly rejected Swann's version of events. Contrary to Swann's testimony, Officer Ortiz testified that Swann was driving slowly, was "passing" solid double-yellow and white lines, and that he told her during the traffic stop that he had consumed a few beers. "The credibility of a witness, the weight accorded the testimony, and the inferences to be drawn from proven facts are matters solely for the fact finder's determination." *Crawley v. Commonwealth*, 29 Va. App. 372, 375 (1999). Moreover, "[i]n its role of judging witness credibility, the fact finder is entitled to disbelieve the self-serving testimony of the accused and to conclude that the accused is lying to conceal his guilt." *Flanagan v. Commonwealth*, 58 Va. App. 681, 702 (2011) (quoting *Marable v. Commonwealth*, 27 Va. App. 505, 509-10 (1998)).

At the time of the traffic stop, Swann appeared to Officer Ortiz to be operating his vehicle while under the influence of alcohol. Having found that Officer Ortiz was a more credible witness than Swann, the trial court did not err in concluding that Officer Ortiz's observations provided her

with the requisite level of reasonable suspicion justifying the traffic stop. Thus, the trial court did not err in denying Swann's motion to suppress.

## II. Sufficiency of the Evidence

"When reviewing the sufficiency of the evidence, '[t]he judgment of the trial court is presumed correct and will not be disturbed unless it is plainly wrong or without evidence to support it.'" *McGowan v. Commonwealth*, 72 Va. App. 513, 521 (2020) (alteration in original) (quoting *Smith v. Commonwealth*, 296 Va. 450, 460 (2018)). "In such cases, '[t]he Court does not ask itself whether *it* believes that the evidence at the trial established guilt beyond a reasonable doubt.'" *Id.* (alteration in original) (quoting *Secret v. Commonwealth*, 296 Va. 204, 228 (2018)). "Rather, the relevant question is whether '*any* rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt.'" *Vasquez v. Commonwealth*, 291 Va. 232, 248 (2016) (quoting *Williams v. Commonwealth*, 278 Va. 190, 193 (2009)). "If there is evidentiary support for the conviction, 'the reviewing court is not permitted to substitute its own judgment, even if its opinion might differ from the conclusions reached by the finder of fact at the trial.'" *McGowan*, 72 Va. App. at 521 (quoting *Chavez v. Commonwealth*, 69 Va. App. 149, 161 (2018)).

"It is unlawful for any person knowingly or intentionally to possess a controlled substance . . . ." Code § 18.2-250(A). "In order to convict a person of illegal drug possession, the Commonwealth must prove beyond a reasonable doubt that the accused was aware of the presence and character of the drug and that the accused consciously possessed it." *Yerling v. Commonwealth*, 71 Va. App. 527, 532 (2020). Possession can be actual or constructive. *Haskins v. Commonwealth*, 44 Va. App. 1, 6 (2004). Proof of possession "can be shown by 'acts, statements, or conduct of the accused or other facts or circumstances which tend to show that the accused was aware of both the presence and character of the substance and that it was subject to his dominion and control.'" *Id.* (quoting *Williams v. Commonwealth*, 42 Va. App. 723, 735 (2004)). "To resolve the issue, the

Court must consider the totality of the circumstances established by the evidence." *Williams*, 42 Va. App. at 735.

In drug cases, no less than any other, "[a] conviction may be based on circumstantial evidence and cannot be viewed in isolation." *Brailey v. Commonwealth*, 55 Va. App. 435, 446 (2009). Indeed, "[i]t is firmly established that '[c]ircumstantial evidence is competent and is entitled to as much weight as direct evidence provided that the circumstantial evidence is sufficiently convincing to exclude every reasonable hypothesis except that of guilt.'" *Kelley v. Commonwealth*, 69 Va. App. 617, 629 (2019) (second alteration in original) (quoting *Pijor v. Commonwealth*, 294 Va. 502, 512 (2017)). "Circumstantial evidence is not 'viewed in isolation' because the 'combined force of many concurrent and related circumstances, each insufficient in itself, may lead a reasonable [fact finder]' to conclude beyond a reasonable doubt that a defendant is guilty." *Rams v. Commonwealth*, 70 Va. App. 12, 27 (2019) (alteration in original) (quoting *Muhammad v. Commonwealth*, 269 Va. 451, 479 (2005)). "In a circumstantial case, the appellate court does not consider whether 'there is some evidence to support' a reasonable hypothesis of innocence, but whether the fact finder, having considered all the evidence, reasonably could have rejected the defendant's theory of defense and found him guilty beyond a reasonable doubt." *Brailey*, 55 Va. App. at 446 (quoting *Commonwealth v. Hudson*, 265 Va. 505, 513 (2003)).

In this case, powder cocaine and residue were found inside two one-dollar bills recovered from Swann's pants pocket in a large "jumbled up" stack of bills totaling more than $500. Swann does not contest the fact that he possessed the dollar bills. He only contends that the evidence failed to prove he was aware that the dollar bills contained cocaine. However, the fact that the two one-dollar bills were "folded up multiple times," unlike the other "jumbled up" bills recovered from his person, supported an inference that Swann was aware that those two particular bills had a different appearance because they contained contraband. Moreover, the trial court admitted two

- 7 -

certified prior convictions for Swann's possession of cocaine into evidence at trial, supporting an inference that Swann was aware of the nature and character of that particular substance. Although one of the dollar bills contained only residue, the other dollar bill contained 1.196 grams of powder cocaine. Thus, it is unlikely that the contraband came to be in Swann's pocket accidentally and without his knowledge. *See, e.g.*, *Watts v. Commonwealth*, 57 Va. App. 217, 233 (2010) ("[S]ettled principles provide that people do not relinquish control of items of value like drugs or leave them in places where others might find them.").

In short, we find that the circumstances surrounding the traffic stop and the inferences supported by the proven facts sufficiently proved that Swann was aware of the nature and character of the cocaine in the dollar bills collected from his pants pocket and thus knowingly and intentionally possessed the substance. We conclude that the Commonwealth's evidence was competent, was not inherently incredible, and was sufficient to prove that Swann knowingly and intentionally possessed the cocaine.

## CONCLUSION

For the foregoing reasons, we affirm the trial court's ruling on Swann's motion to suppress, and we find that the evidence was sufficient to support Swann's conviction for possession of a Schedule I or II narcotic.

*Affirmed.*