## Richmond

SELWYN O'BRIEN PAYNE

v.

COMMONWEALTH OF VIRGINIA

No. 0408-91-2

Decided March 10, 1992

COUNSEL

Jean Masten Kelly (Public Defender, Bowling Green, on brief), for appellant.

Marla Lynn Graff, Assistant Attorney General (Mary Sue Terry, Attorney General, on briefs), for appellee.

OPINION

**BRAY, J.**—Selwyn O'Brien Payne (defendant) was convicted in a bench trial for possession of cocaine and sentenced to three years imprisonment, with all but sixty days suspended. On appeal, he contends that the trial court erred in denying his motion to suppress evidence of the drug. We agree and reverse the conviction.

The record discloses that Officer Julie Keene (Keene) observed defendant at approximately 11:25 p.m., seated on a bicycle "near a street light," "riffling through a wallet." Knowing that several "wallets and purses had been taken" in the "general vicinity" during recent weeks, Keene approached defendant and inquired if the wallet belonged to him. Defendant "responded by saying that it was his wallet," and asked whether Keene "wanted to look at it." As defendant "was handing [her] the wallet," Keene noticed that his left fist was tightly closed. Defendant twice refused Keene's request to open his fist, and, "thinking that [defendant] might have a weapon in his hand," she "grabbed [his] arm directly above the wrist." Defendant then opened his hand, revealing the cocaine.

■ Fourth Amendment jurisprudence "has placed police-citizen confrontations into three categories." *Iglesias v. Commonwealth*, 7 Va. App. 93, 99, 372 S.E.2d 170, 173 (1988). "First, there are communications between police officers and citizens that are consensual and, therefore, do not implicate the fourth amendment." *Id.* Second, are "brief investigatory stops" based upon "specific and articulable facts," and third, are "highly intrusive, full-scale arrests" based upon probable cause. *Id.*; *see also United States v. Alpert*, 816 F.2d 958, 960 (4th Cir. 1987).

■ A consensual encounter occurs when police officers approach persons in public places "to ask them questions," provided "a reasonable person would understand that he or she could refuse to cooperate." *United States v. Wilson*, 953 F.2d 116, 121 (4th Cir. 1991) (quoting *Florida v. Bostick*, 501 U.S. 429, 431 (1991)); *see also Richards v. Commonwealth*, 8 Va. App. 612, 615, 383 S.E.2d 268, 270 (1989). Such encounters "need not be predicated on any suspicion of the person's involvement in wrongdoing," and remain consensual "as long as the citizen voluntarily cooperates with the police." *Wilson*, 953 F.2d at 121. Fourth Amendment scrutiny is triggered, however, the moment an encounter " 'loses its consensual nature.' " *Id.* (quoting *Florida v. Bostick*, 501 U.S. 429, 434 (1991)).

■ In *Wilson*, the Fourth Circuit considered "the effect of a person's unsuccessful attempt to terminate what began as a consensual encounter." *Wilson*, 953 F.2d at 121. The court opined that a voluntary police-citizen encounter "should be placed in the realm of [a] Fourth Amendment 'seizure' " when "a reasonable

person would have believed that he was not free to leave." *Id.; see also Richards*, 8 Va. App. at 615, 383 S.E.2d at 270 (quoting *United States v. Mendenhall*, 446 U.S. 544, 554 (1980)); *Goodwin v. Commonwealth*, 11 Va. App. 363, 365, 398 S.E.2d 690, 691 (1990); *Moss v. Commonwealth*, 7 Va. App. 305, 307, 373 S.E.2d 170, 171 (1988). The "principle embodied by the phrase 'free to leave' means the ability to ignore the police and to walk away from them," to " 'feel free to decline the officers' requests or otherwise terminate the encounter.' " *Wilson*, 953 F.2d at 122 (quoting *Florida v. Bostick*, 501 U.S. at 436).

The record in this case establishes that the initial meeting between defendant and Officer Keene was consensual and implicated no Fourth Amendment interest. Keene merely approached defendant and inquired if the wallet belonged to him. Defendant was cooperative and offered Keene the opportunity "to look at it." The consensual aspect of this encounter disappeared, however, when defendant refused Keene's request to open his fist, and she "grabbed" his arm. Under such restraint, a "reasonable person" would not "feel free to leave," to "ignore" the officer and "walk away," and, for Fourth Amendment purposes, defendant was then "seized" by the officer.

The Fourth Amendment guarantees that an individual's liberty "will not be restrained without an objectively reasonable basis." *Wilson*, 953 F.2d at 127. A seizure must be "justified by reasonable articulable suspicion." *Richards*, 8 Va. App. at 617, 383 S.E.2d at 271; *see Riley v. Commonwealth*, 13 Va. App. 494, 496, 412 S.E.2d 724, 725 (1992). A police officer may detain and search an individual for weapons provided he *"reasonably* suspects that the person is dangerous" or "intends to do him bodily harm." *Smith v. Commonwealth*, 12 Va. App. 1100, 1103, 407 S.E.2d 49, 52 (1991) (emphasis added); Code § 19.2-83. The officer, however, must identify " 'particular facts from which he reasonably inferred that the individual was armed and dangerous.' " *Williams v. Commonwealth*, 4 Va. App. 53, 66-67, 354 S.E.2d 79, 86 (1987) (quoting *Sibron v. New York*, 392 U.S. 40, 64 (1968)).

The facts in the instant case did not give Keene an objectively reasonable basis for suspecting that defendant was armed and dangerous. She observed no criminal behavior by defendant and had no information relating defendant to such activity. Defendant consented to the confrontation, answered her questions, offered the

wallet for her inspection and was passive and cooperative. Although his fist remained closed, defendant never held it in a threatening manner, and there was no indication that it contained or concealed a weapon. Under such circumstances, defendant's hesitancy to open his hand did not create a "reasonable suspicion" that he possessed a weapon. A contrary view would invite the "ominous implication . . . that only guilty persons have anything to keep from the eyes of the police." *Wilson*, 953 F.2d at 126.

██ This Court is conscious of the perils related to law enforcement and recognizes that police officers must always be vigilant. Nevertheless, the Fourth Amendment imposes "a standard of 'reasonableness' " on their interaction with the public in order " 'to safeguard the privacy and security of individuals against arbitrary invasions' " and " 'overbearing or harassing' police conduct." *Moss*, 7 Va. App. at 308, 373 S.E.2d at 172 (quoting *Delaware v. Prouse*, 440 U.S. 648, 653-54 (1979)); *see Wilson*, 953 F.2d at 126 (quoting *Terry v. Ohio*, 392 U.S. 1, 15 (1968)). Without exaggerating the intrusive nature of the encounter now before the Court, we must take care not to compromise and erode such a fundamental and vital constitutional protection.

Accordingly, the judgment of the trial court is reversed.

*Reversed and remanded.*

Barrow, J., and Willis, J., concurred.