# CIRCUIT COURT OF THE CITY OF RICHMOND

Commonwealth of Virginia

v.

Willis Jerome Gee

April 27, 2000

Case Nos. 99-1763, 99-1764-F

BY JUDGE JAMES B. WILKINSON

On September 8, 1999, Officer Michael Musselwhite received an anonymous tip that narcotics were being sold from the residence at 2416 Buford Road in the City of Richmond. When Officers Musselwhite and DeGrauwe arrived at the residence, they observed two gentlemen sitting or standing on the stoop of the residence. After exiting their police vehicle, the officers informed Mr. Gee they were investigating an allegation that narcotics were being sold from 2416 Buford Road. The defendant was asked if he had any knowledge or information regarding the drug distribution. He responded negatively.

Officer Musselwhite then asked Mr. Gee if he had any weapons or drugs in his possession, and he requested permission to search Mr. Gee. The defendant refused the Officer's request; however, Officer Musselwhite continued the conversation. A few minutes later, the Officer asked Mr. Gee to empty his pockets, and the defendant consented. The defendant emptied his right pocket and displayed the contents in the palm of his right hand. He then

emptied his left pocket, but instead of showing the contents to Officer Musselwhite, he cupped his left hand away from the Officer's vision. Then he quickly replaced his hand into his left pocket.

At that point, Officer Musselwhite testified that his suspicion was raised, and he placed his hand on the defendant's left front pocket. During the pat down, Officer Musselwhite stated he could feel "small objects" or "a small hard object" in the defendant's left pants pocket. He asked Mr. Gee if the object in his pocket was cocaine, and Gee answered affirmatively. At that point, Officer Musselwhite placed him under arrest, and he removed several small knotted baggies containing a white solid material from his left front pants pocket.

On December 14, 1999, the defendant, represented by his attorney Cheryl Frydrychowski, and the Commonwealth, represented by David Lassiter, came before this Court on the defendant's Motion to Suppress. The Court, after hearing the evidence, arguments, and representations of counsel, took the matter under advisement.

## Issue

Whether the defendant's refusal to reveal the contents of his left pocket created a reasonable articulable suspicion that a crime was being committed which would allow the Officer to execute a warrantless search?

## Argument

The Fourth Amendment of the United States Constitution does not place any limits on encounters between law enforcement personnel and private citizens so long as those meetings remain consensual. The police may search an individual's person, property, or home if it is done with proper permission. *Iglesias v. Commonwealth*, 7 Va. App. 93, 99 (1988), *Payne v. Commonwealth*, 14 Va. App. 86, 88 (1992). "A consensual encounter occurs when police officers approach persons in public places 'to ask them questions,' provided 'a reasonable person would understand that he or she could refuse to cooperate'." *United States v. Wilson*, 953 F.2d 116, 121 (4th Cir. 1991), *quoting Florida v. Bostick*, 111 S. Ct. 2382, 2384 (1991). An encounter between the police and a private citizen ceases to be consensual and falls within the scope of the Fourth Amendment when a reasonable person believes that he is no longer able to terminate the confrontation by leaving. *Wilson* at 121.

A person not only has the right to refuse to give the police consent to search his person or property, but he can also give a limited consent. "The United States Supreme Court has articulated the standard for measuring the scope of an individual's consent under the Fourth Amendment to be 'objective' reasonableness — what would the typical reasonable person have understood by the exchange between the officer and the suspect?'" *Bolda v. Commonwealth,* 15 Va. App. 315, 317 (1992), *quoting Florida v. Jimeno,* 500 U.S. 248, 251, 111 S. Ct. 1801, 1803-04 (1991). Once a search goes beyond the scope of the consent, Fourth Amendment scrutiny is triggered. *Payne* at 88.

When Officer Musselwhite approached Mr. Gee on Buford Road, he requested consent to perform a patdown search, and the defendant lawfully exercised his right to refuse such a request. The Officer then requested that Mr. Gee turn out his pockets, and he complied. However, while emptying his left pocket, Mr. Gee did not allow the Officer to see the contents. The defendant's manner of emptying his left pocket was clearly a limitation on the scope of the consensual search being performed by Officer Musselwhite.

"The Fourth Amendment guarantees that an individual's liberty 'will not be restrained without an objectively reasonable basis'." *Payne* at 89, *quoting United States v. Wilson,* 953 F.2d at 127. While a police officer may detain and search an individual for weapons, he must be able to identify facts from which it can easily be inferred that the person is armed and dangerous. *Payne* at 89. In this instance, Officer Musselwhite had no indication that the defendant was armed or dangerous. His suspicion concerning Mr. Gee was based on his location in front of a residence identified by an anonymous tip as a source of drug distribution. The anonymous tip did not contain any information implicating the defendant, and the Officer did not observe any behavior from Mr. Gee that would create a reasonable articulable suspicion that he was armed and dangerous or committing a crime.

Therefore, the Officer had no basis to go beyond the consent of Mr. Gee's limited consent for a search and place his hands upon his pockets. "A contrary view would invite the 'ominous implication ... that only guilty persons have anything to keep from the eyes of the police'." *Payne* at 90, *quoting United States v. Wilson,* 953 F.2d at 126. An individual must have the ability to refuse or limit a law enforcement officer's request for a search during consensual encounters without creating a reasonable articulable suspicion that he is armed or that a crime is being committed. Otherwise, the protections guaranteed by the Fourth Amendment would be meaningless. "Reasonable articulable suspicion" must be created through the diligent observation and investigation of law enforcement officers, and this cannot be replaced by a

mere suspicion which might be raised when a citizen lawfully exercises his rights.

## Conclusion

For those reasons, the drugs seized from Mr. Gee are hereby suppressed, and all charges stemming from his arrest are hereby dismissed.