# CIRCUIT COURT OF THE CITY OF RICHMOND

Commonwealth of Virginia

v.

Nathaniel Cartwright

May 4, 2000

Case No. 00-366F

BY JUDGE JAMES B. WILKINSON

On December 30, 1999, Officers Lamonte Tucker and Robin Geek of the Richmond Police Department responded to a silent 911 call at the "301 Store" located at 2012 Maury Street in the City of Richmond. When the Officers arrived, there was no one at or in the vicinity of the pay phone which had been the source of the 911 call. The officers, wearing their uniforms and displaying their badges of authority, entered the store. Officer Tucker testified that when he entered the establishment, he jokingly said, "Put your hands up." The Officer explained that he was well known by the store employees and it was evident from his tone of voice that he did not expect anyone to comply. However, he also testified that the defendant, Mr. Cartwright, did put his hands above his shoulders.

The defendant was in the store purchasing food with another person, and Officer Tucker approached Mr. Cartwright and began a conversation. The Officer inquired whether Mr. Cartwright lived in the area, and he asked for his driver's license which was produced. At this point, Officer Tucker requested permission to perform a pat down search of the defendant for any weapons in order to insure his safety. Mr. Cartwright gave his consent for the search, and, in the course of the search, he produced a "white rock like substance" which he admitted was crack cocaine. Mr. Cartwright was then arrested for possession of cocaine. On cross-examination Officer Tucker stated that he had no reason to believe the defendant was involved in any illegal activity during the encounter.

On April 5, 2000, the defendant, represented by Tracy Paner, and the Commonwealth, represented by Shannon Taylor, appeared before the Bar to be heard on the Defendant's Motion to Suppress. After hearing the evidence and arguments of counsel, the Court took the matter under advisement.

*Issue*

Whether the seizure of narcotics from Mr. Cartwright's person triggered Fourth Amendment protections?

*Argument*

The Fourth Amendment of the United States Constitution does not place any limits on encounters between law enforcement personnel and private citizens so long as those meetings remain consensual. The police may search an individual's person, property, or home if it is done with proper permission. *Iglesias v. Commonwealth*, 7 Va. App. 93, 99 (1988); *Payne v. Commonwealth*, 14 Va. App. 86, 88 (1992). "A consensual encounter occurs when police officers approach persons in public places 'to ask them questions,' provided 'a reasonable person would understand that he or she could refuse to cooperate'." *United States v. Wilson*, 953 F.2d 116, 121 (4th Cir. 1991), quoting *Florida v. Bostick*, 111 S. Ct. 2382, 2384 (1991). An encounter between the police and a private citizen ceases to be consensual and falls within the scope of the Fourth Amendment when a reasonable person believes that he is no longer able to terminate the confrontation by leaving. *Wilson* at 121.

Since Mr. Cartwright never terminated the encounter with Officer Tucker and gave consent for a patdown search to be executed, he is not protected by the "objective reasonableness" standard of the Fourth Amendment. *Payne* at 89. However, from the evidence presented to this Court, including the Officer's own testimony, there was nothing to indicate Mr. Cartwright posed a threat to Officer Tucker or the other individuals in the convenience store. Therefore, if Mr. Cartwright had refused Officer Tucker's request for a search, the Officer would not have established the necessary reasonable, articulable suspicion necessary to detain the defendant and perform a search.

"The Fourth Amendment guarantees that an individual's liberty 'will not be restrained without an objectively reasonable basis'." *Payne* at 89, *quoting United States v. Wilson*, 953 F.2d at 127. While a police officer may detain and search an individual for weapons, he must be able to identify facts from which it can easily be inferred that the person is armed and dangerous. *Payne*

at 89. Law Enforcement Officials have the right to approach any person and engage in consensual conversation; furthermore, they may even perform searches if it is done with the person's consent. However, police should not abuse consensual encounters when they have not established reasonable articulable suspicion necessary to detain and search individuals.

## Conclusion

The Court overrules the defendant's Motion to Suppress, and this matter is continued to May 15, 2000.