COURT OF APPEALS OF VIRGINIA


Present:  Judges Willis, Bumgardner and Senior Judge Overton
Argued at Richmond, Virginia


LATROY LEE SAUNDERS

MEMORANDUM OPINION* BY
v.    Record No. 0523-99-2        JUDGE RUDOLPH BUMGARDNER, III
                                       MAY 16, 2000
COMMONWEALTH OF VIRGINIA


FROM THE CIRCUIT COURT OF HALIFAX COUNTY
William L. Wellons, Judge

Buddy A. Ward, Public Defender (Office of the
Public Defender, on brief), for appellant.

Eugene Murphy, Assistant Attorney General
(Mark L. Earley, Attorney General, on brief),
for appellee.


After a bench trial, the trial court convicted Latroy Lee

Saunders of possession of cocaine with intent to distribute, in

violation of § 18.2-248.  He contends the trial court erred in

denying his motion to suppress evidence seized before his arrest

and statements made after it.  He argues the officer lacked

articulable suspicion that he was engaged in criminal activity.

Finding no error, we affirm.

Officer David Frazier drove to a high-crime, high-drug

trafficking trailer park to execute an arrest warrant.  Officer

Frazier drove the last of four police vehicles, and as he

---

    * Pursuant to Code § 17.1-413, recodifying Code
§ 17-116.010, this opinion is not designated for publication.

entered the trailer park, he saw the defendant walking towards him from the opposite direction.  The other three police vehicles had already passed the defendant.  Officer Frazier observed that the defendant had his "right hand clenched in a fist" and "tucked against his side."  While the defendant was walking normally, he was not swinging his right arm.  Officer Frazier believed the defendant had something in his hand and suspected it might be drugs.  Upon observing that suspicious behavior, the officer stopped his car and approached the defendant.  The other vehicles stopped 20-30 yards away to wait for Officer Frazier.  The officers were behind the defendant and did not exit their vehicles.

As Officer Frazier approached the defendant, he twice asked, "what do you have in your hand?"  The defendant did not respond either time.  When the officer repeated the question a third time, the defendant extended his hand towards the officer and opened it.  The defendant held a small corner of a brown paper bag, which was approximately two inches long and a quarter inch in diameter with the top twisted.  The officer took the bag, opened it, and discovered six rocks of crack cocaine inside.  He arrested the defendant, who then volunteered that he was selling the crack for $20 a rock because he had not been able to find a job.

A seizure occurs where a reasonable person would have believed he was not free to go.  See United States v.

-

<u>Mendenhall</u>, 446 U.S. 544, 554 (1980).  A defendant is seized when the officers restrain his freedom of movement by physical force or show of authority.  See <u>California v. Hodari D.</u>, 499 U.S. 621, 625 (1991); <u>Mendenhall</u>, 446 U.S. at 554.  Questioning alone does not amount to a seizure.  See <u>Reittinger v. Commonwealth</u>, 29 Va. App. 724, 730, 514 S.E.2d 775, 778 (1999) (<u>en</u> <u>banc</u>).

While Officer Frazier was in full uniform, we find no show of authority from which a reasonable person would have believed he was not free to go.  The officer was entitled to approach the defendant and to ask him a question.  He did not command the defendant to open his hand.  He never touched the defendant.  The defendant voluntarily opened his hand to the officer upon the officer's third request to see what it contained.  That was a voluntary response to the questions and constituted voluntary consent for the officer's seeing what he had in his hand.  The officer did not conduct a warrantless search, and the defendant never limited the scope of his consent by objecting to the officer's opening the bag.  The trial court found that this was a consensual encounter which did not implicate the Fourth Amendment, and the record supports that factual finding.

The defendant relies on <u>McGee v. Commonwealth</u>, 25 Va. App. 193, 487 S.E.2d 259 (1997) (<u>en</u> <u>banc</u>), and <u>Payne v. Commonwealth</u>, 14 Va. App. 86, 414 S.E.2d 869 (1992).  However, essential facts in each of those cases distinguish them from the case before us.

-

In McGee, the encounter was not consensual because a reasonable person would not have believed he was free to go. In Payne, the officer grabbed the defendant's arm and opened his hand when the defendant twice failed to respond to requests that he open his hand. While that encounter began as a consensual one, it ceased being consensual when the officer grabbed the defendant's arm.

In the present case, the encounter began as a consensual one, and it continued as such when the defendant voluntarily consented to the officer's request that he open his hand. After the arrest, the defendant volunteered the incriminating statement. We conclude that the trial court did not err when it denied the motion to suppress. Accordingly, we affirm the conviction.

Affirmed.