COURT OF APPEALS OF VIRGINIA


Present: Judges Willis, Elder and Annunziata
Argued by teleconference


ANTOINE ANDRE WOODHOUSE
                                        MEMORANDUM OPINION* BY
v.    Record No. 1707-00-2          JUDGE JERE M. H. WILLIS, JR.
                                           NOVEMBER 13, 2001
COMMONWEALTH OF VIRGINIA


             FROM THE CIRCUIT COURT OF THE CITY OF RICHMOND
                        Robert W. Duling, Judge

            Patricia P. Nagel, Assistant Public Defender
            (Gregory W. Franklin, Assistant Public
            Defender; Office of the Public Defender, on
            brief), for appellant.

            Michael T. Judge, Assistant Attorney General
            (Mark L. Earley, Attorney General, on brief),
            for appellee.


     Antoine Andre Woodhouse was convicted in a bench trial of

possession of heroin and possession of cocaine, both in violation

of Code § 18.2-250.  On appeal, he contends that the trial court

erred in denying his motion to suppress certain evidence.  For the

following reasons, we reverse the judgment of the trial court and

order the charges dismissed.

                        I.  BACKGROUND

     On January 20, 2000, Richmond Police Officer John Cary

observed Woodhouse standing in front of 1979 Raven Street.

_____

        * Pursuant to Code § 17.1-413, this opinion is not
designated for publication.

Posted on the property and above Woodhouse's head were "no trespassing" signs. For approximately one to two minutes Officer Cary observed Woodhouse standing by himself on the stoop. When other officers approached the stoop, Woodhouse walked away.

Because Woodhouse made no contact with any occupant of the residence and stood on the apartment stoop without going to the door, Officer Cary approached and asked to speak with him. Woodhouse replied, "What about?" Officer Cary informed Woodhouse that the property was posted "no trespassing," indicating the signs, and stated that he was investigating a possible "no trespassing" violation.

Woodhouse stated that he was visiting a man named J.J., who lived in the apartment where he had been standing. He stated that he did not know any more of J.J.'s name. When asked where J.J. lived, Woodhouse pointed to the door in front of which he had been standing. Officer Cary had another officer knock on the door. No one answered. The officers were unable to determine whether J.J. lived there. At that point, Officer Cary arrested Woodhouse for trespassing. Searching Woodhouse incident to the arrest, Officer Cary recovered heroin and cocaine.

Woodhouse moved to suppress as evidence the drugs found on his person, arguing that he had been unlawfully seized. The motion was denied. At the conclusion of the Commonwealth's

-

case, Woodhouse moved to strike the evidence as insufficient to prove trespass or intent to distribute heroin or cocaine. The trial court granted the motion. It convicted Woodhouse of simple possession of heroin in violation of Code § 18.2-250 and simple possession of cocaine in violation of Code § 18.2-250. It dismissed the trespass charge.

## II.  UNLAWFUL DETENTION

Woodhouse contends on appeal that the trial court erred in denying his motion to suppress the drugs found on his person. He argues that he was unlawfully seized when Officer Cary detained him to investigate a trespass and that the discovery of the drugs flowed from that seizure.

### A.  STANDARD OF REVIEW

Upon a Fourth Amendment challenge on appeal, "[u]ltimate questions of reasonable suspicion and probable cause to make a warrantless search" involve questions of both law and fact and are reviewed de novo. McGee v. Commonwealth, 25 Va. App. 193, 197, 487 S.E.2d 259, 261 (1997) (en banc) (citing Ornelas v. United States, 517 U.S. 690, 691 (1996)). The reviewing court is bound by "the trial court's findings of historical fact unless 'plainly wrong' or without evidence to support them and we give due weight to the inferences drawn from those facts by resident judges and local law enforcement officers." Id. at 198, 487 S.E.2d at 261 (citing Ornelas, 517 U.S. at 699).

-

## B.  CONSENSUAL STOP

A law enforcement officer does not violate the Fourth Amendment "merely by approaching an individual on the street, identifying [himself], and asking the individual questions." Buck v. Commonwealth, 20 Va. App. 298, 301-02 (1995) (citing Baldwin v. Commonwealth, 243 Va. 191, 196, 413 S.E.2d 645, 647-48 (1992)).

Officer Cary's initial encounter with Woodhouse was consensual.  A consensual encounter need not be predicated on suspicion of criminal activity and remains consensual so long as the encountered citizen voluntarily cooperates with the police. Payne v. Commonwealth, 14 Va. App. 86, 88, 414 S.E.2d 869, 870 (1992) (quoting United States v. Wilson, 953 F.2d 116, 121 (4th Cir. 1991)).  Officer Cary approached Woodhouse and asked to speak with him.  Woodhouse stopped and asked, "what about?" Officer Cary explained that he was investigating a possible trespass and asked Woodhouse whether he had seen the "no trespassing" signs.  Woodhouse replied that he was visiting J.J. and pointed to the door in front of which he had been standing. At no time during this questioning did Woodhouse attempt to break off his contact with Officer Cary or decline to answer his questions.  To that point, his encounter with Officer Cary was consensual.

## C.  ARREST

The evidence that Woodhouse sought to have suppressed and upon which his convictions were based was discovered upon his arrest for trespass.  The information gained by Officer Cary from observation and from his conversation with Woodhouse was insufficient to provide probable cause supporting that arrest.  Woodhouse's presence on the stoop was consistent with his explanation that he was there for the legitimate purpose of calling on a friend.  The officer did not see Woodhouse go onto the stoop.  No evidence disclosed that Woodhouse had not knocked on the door.  His remaining on the stoop for a minute or two suggested no more than indecision.  His departure upon the approach of the police officers could well have been coincidental and, at most, suggested no more than a disinclination to encounter the police, a motive not necessarily criminal.  In sum, the totality of the circumstances afforded Officer Cary no more than a hunch that Woodhouse was trespassing.  See Harris v. Commonwealth, 262 Va. 407, 551 S.E.2d 606 (2001); Ewell v. Commonwealth, 254 Va. 214, 491 S.E.2d 721 (1997).

The judgment of the trial court is reversed, and the charges are ordered dismissed.

Reversed and dismissed.

-