COURT OF APPEALS OF VIRGINIA


Present:  Judges Willis, Bray and Humphreys
Argued at Richmond, Virginia


WILLIAM JAMES ELLISON

MEMORANDUM OPINION[*] BY
v.    Record No. 1619-01-2        JUDGE JERE M. H. WILLIS, JR.
                                          JUNE 11, 2002
COMMONWEALTH OF VIRGINIA


            FROM THE CIRCUIT COURT OF THE CITY OF RICHMOND
                      Thomas N. Nance, Judge

            Gregory W. Franklin, Assistant Public
            Defender (Office of the Public Defender, on
            briefs), for appellant.

            Eugene Murphy, Assistant Attorney General
            (Jerry W. Kilgore, Attorney General, on
            brief), for appellee.


     William Ellison was convicted in a bench trial of (1)

possession of cocaine, in violation of Code § 18.2-250, and (2)

possession of marijuana, in violation of Code § 18.2-250.1.  On

appeal, he contends that the trial court erred in denying his

motion to suppress.  He argues that the seizure, pat down, and

search of his person were conducted in the absence of reasonable

suspicion or probable cause and after he withdrew his consent to

be searched.  For the following reasons, we reverse the judgment

of the trial court.

_____

     * Pursuant to Code § 17.1-413, this opinion is not
designated for publication.

## I.  BACKGROUND

On February 1, 2001, Richmond Police Officer Michael Koehler received a call regarding a loud group of people "hanging out" beside 2409 Halifax and urinating on the building. The call provided no physical description of the persons involved other than that they were black males.  It provided no clothing description, no indication of age, no indication of the number of individuals involved, and no information as to whether they were armed.  The referenced address is next to a Texaco gas station that is known for extensive drug activity.

When Officer Koehler arrived at the scene, he saw a group of people walking down the sidewalk.  He approached them and explained why he was there.  He then asked the group whether they had anything on them that he should know about.  All denied such possession.  Officer Koehler then asked the group for permission to search them.  Ellison gave permission.  Officer Koehler reached into Ellison's pockets.  Ellison pulled back abruptly and said, "You can't go in my pockets.  You can't go in my pockets."

Because Ellison "clenched up" and seemed tense and angry, Officer Koehler grabbed him, pulled him over to the police car, and proceeded to pat down his outer clothing.  The officer felt a hard, rock-like substance with something soft around it, "either a plastic bag or handkerchief."  He testified that he knew the item was either a pebble or a piece of crack cocaine,

-

but believed it was crack cocaine because he did not think anyone would carry a pebble. Officer Koehler retrieved from Ellison's pocket what he believed to be crack cocaine and marijuana. He arrested Ellison and charged him with possession of cocaine and possession of marijuana.

Ellison's motion to suppress the items removed from his pocket was denied, and he was convicted on both charges.

## II. ANALYSIS

To prevail on appeal, Ellison must demonstrate that the trial court's denial of his motion to suppress was reversible error. In considering this issue, we view the evidence in the light most favorable to the Commonwealth. McGee v. Commonwealth, 25 Va. App. 193, 197, 487 S.E.2d 259, 261 (1997) (en banc). While we review ultimate questions of reasonable suspicion and probable cause de novo, we are bound by the trial court's findings of historical fact, unless those findings are plainly wrong or without evidence to support them. Id. at 197-98, 487 S.E.2d at 261.

"'[I]f there are articulable facts supporting a reasonable suspicion that a person has committed a criminal offense, that person may be stopped in order to identify him, to question him briefly, or to detain him briefly while attempting to obtain additional information.'" Williams v. Commonwealth, 4 Va. App. 53, 64, 354 S.E.2d 79, 85 (1987) (citation omitted). In determining whether reasonable suspicion existed, we look to the

-

"totality of the circumstances -- the whole picture."  <u>United States v. Sokolow</u>, 490 U.S. 1, 7-8 (1989).

At the outset, Officer Koehler had no basis to search Ellison.  He had received a complaint regarding a loud group of men urinating on a building.  The call, however, provided no information supporting the conclusion that the group Officer Koehler stopped was the group complained of or that they had done anything wrong.  They were merely walking down the sidewalk.  Specifically, the officer had no basis to suspect that Ellison was engaged in criminal activity or that he was armed.

Ellison initially gave Officer Koehler permission to search his person.  However, when Officer Koehler began to reach into his pockets, Ellison "clenched up," pulled back, and told him that he could not go in his pockets.  Ellison thus withdrew his consent to be searched, a fact acknowledged by Officer Koehler. At that point, Officer Koehler had no legal basis to continue his encounter with Ellison.  The Commonwealth notes that upon withdrawing his consent, Ellison "clenched up" and became "hyper."  However, the record reflects no aggressive act directed by Ellison against the officer.  He simply withdrew his consent to be searched and resisted the officer's attempt to search him.

With no consent and no probable cause or reasonable suspicion that Ellison had committed a crime or was armed,

-

Officer Koehler had no right to grab Ellison and to forcibly search him.  <u>See</u> <u>Payne v. Commonwealth</u>, 14 Va. App. 86, 414 S.E.2d 869 (1992).  Therefore, the trial court erred in refusing to suppress and exclude the fruits of that search.

The judgment of the trial court is reversed and the case is remanded for further proceedings, if the Commonwealth be so advised.

<u>Reversed and remanded.</u>

-