COURT OF APPEALS OF VIRGINIA


Present:  Judges Felton, Kelsey and Senior Judge Willis
Argued at Richmond, Virginia


COMMONWEALTH OF VIRGINIA

MEMORANDUM OPINION[*] BY
v.   Record No. 0256-03-2          JUDGE WALTER S. FELTON, JR.
                                        JUNE 10, 2003
ELWOOD F. HAMLET, JR.


FROM THE CIRCUIT COURT OF CHESTERFIELD COUNTY
Timothy J. Hauler, Judge

Amy L. Marshall, Assistant Attorney General
(Jerry W. Kilgore, Attorney General;
Margaret W. Reed, Assistant Attorney General,
on brief), for appellant.

Gregory R. Sheldon (Goodwin, Sutton & DuVal,
P.L.C., on brief), for appellee.


Pursuant to Code § 19.2-398, the Commonwealth appeals the judgment of the trial court granting Elwood Hamlet's motion to suppress evidence.  The Commonwealth contends that Officer Culp engaged Hamlet in a consensual encounter, which led to his arrest for being drunk in public.  As a result, the Commonwealth argues the search and seizure of Hamlet was incident to a lawful arrest. For the following reasons, we reverse the judgment of the trial court.

---

    * Pursuant to Code § 17.1-413, this opinion is not designated for publication.

## I.  BACKGROUND

On August 6, 2002, Chesterfield County Police Officer Robert Culp, in uniform and displaying his badge of authority, was operating a marked police unit around midnight.  Officer Culp was patrolling an area where there had been several recent larcenies, including one the previous evening, when he observed Hamlet walking down the street.

Officer Culp followed Hamlet for approximately thirty seconds.  During that period, Hamlet turned his head and realized an officer was following him.  Thereafter, Hamlet briefly put his hands down his pants and continued walking.  Officer Culp did not notice anything in Hamlet's hands at any time.  At the suppression hearing, Officer Culp testified that when he observed Hamlet placing his hands in his pants, he believed he was reaching for a weapon.

Without activating his emergency equipment, Officer Culp pulled over and approached Hamlet on foot.  When he approached Hamlet, Officer Culp asked him what he had in his pants.  Hamlet responded that he was urinating and he was placing his private parts back in.  Officer Culp testified at the suppression hearing that Hamlet "clearly was not" urinating and this misrepresentation added to his suspicions.

During the encounter, Officer Culp noticed that there was a "strong odor of alcohol" emanating from Hamlet.  In addition, Hamlet was uneasy on his feet and was swaying back and forth.

-

Officer Culp arrested Hamlet for being drunk in public and conducted a search.[1]  Cocaine was discovered in Hamlet's right pants pocket and a smoking pipe in the crotch of his pants.

A suppression hearing was held on December 18, 2002. Hamlet contended that he was unlawfully seized and searched by Officer Culp, in violation of his Fourth and Fourteenth Amendment rights.  Consequently, he asked the court to suppress all evidence obtained as a result.  Officer Culp was the only witness called to testify and following his testimony, the trial court granted Hamlet's motion simply holding, "[t]he motion to suppress is granted."  The Commonwealth appeals the judgment of the trial court.

## II.  ANALYSIS

In reviewing a pretrial appeal, we "view the evidence in [the] light most favorable to [the defendant], the prevailing party below, and we grant all reasonable inferences fairly deducible from that evidence.  We will not reverse the trial judge's decision unless it is plainly wrong." Commonwealth v. Grimstead, 12 Va. App. 1066, 1067, 407 S.E.2d 47, 48 (1991) (citing Commonwealth v. Holloway, 9 Va. App. 11, 20, 384 S.E.2d 99, 104 (1989)).

The Commonwealth argues on appeal that the trial court erred in granting Hamlet's motion to suppress because the seizure of

---

[1] The record does not indicate at what point Officer Culp conducted the search.

-

evidence was a result of a lawful search incident to an arrest for

being drunk in public.  We agree.

> "Ultimate questions of reasonable suspicion
> and probable cause to make a warrantless
> search" involve questions of both law and
> fact and are reviewed de novo on appeal.
> Ornelas v. United States, 517 U.S. 690,
> [691], 116 S. Ct. 1657, 1659, 134 L. Ed. 2d
> 911 (1996).  In performing such analysis, we
> are bound by the trial court's findings of
> historical fact unless "plainly wrong" or
> without evidence to support them and we give
> due weight to the inferences drawn from
> those facts by resident judges and local law
> enforcement officers.  Id. at [699], 116
> S. Ct. at 1663.  We analyze a trial judge's
> determination whether the Fourth Amendment
> was implicated by applying de novo our own
> legal analysis of whether based on those
> facts a seizure occurred.

McGee v. Commonwealth, 25 Va. App. 193, 197-98, 487 S.E.2d 259,

261 (1997) (footnote omitted).

### A.   CONSENSUAL ENCOUNTER

A police officer does not violate the Fourth Amendment

"merely by approaching an individual on the street, identifying

[himself], and asking the individual questions."  Buck v.

Commonwealth, 20 Va. App. 298, 301-02, 456 S.E.2d 534, 535

(1995) (citing Baldwin v. Commonwealth, 243 Va. 191, 196, 413

S.E.2d 645, 647-48 (1992)).

The initial engagement between Officer Culp and Hamlet was

a consensual encounter.  A consensual encounter need not be

predicated on suspicion of criminal activity and remains

consensual so long as the encountered citizen voluntarily

-

cooperates with the police. Payne v. Commonwealth, 14 Va. App. 86, 88, 414 S.E.2d 869, 870 (1992) (citing United States v. Wilson, 953 F.2d 116, 121 (4th Cir. 1991)). Hamlet voluntarily cooperated with Officer Culp. At no point during this encounter did Officer Culp indicate that Hamlet was not free to leave, nor did Hamlet attempt to leave or refuse to answer Officer Culp's questions. In voluntarily responding to questions, Hamlet consented to the encounter with police. See United States v. Mendenhall, 446 U.S. 544 (1980).

### B. SEARCH INCIDENT TO ARREST

At oral argument, Hamlet's attorney conceded that if the initial encounter was consensual, the officer had probable cause to arrest Hamlet for being drunk in public.

> One of the established exceptions to the Fourth Amendment's warrant requirement is for a "search incident to a lawful arrest." United States v. Robinson, 414 U.S. 218, 224, 226, 94 S. Ct. 467, 471, 472, 38 L. Ed. 2d 427 (1973) (also holding that searches incident to arrest "meet the Fourth Amendment's requirement of reasonableness"); see also Chimel v. California, 395 U.S. 752, 762-63, 89 S. Ct. 2034, 2039-2040, 23 L. Ed. 2d 685 (1969).

> When delineating the permissible scope of a warrantless search incident to arrest, the United States Supreme Court has stated that a lawful arrest of a suspect authorizes the police to conduct "a full search of the [arrestee's] person." Robinson, 414 U.S. at 235, 94 S. Ct. at 477. In addition, the police may search the area within the arrestee's immediate control, see Chimel, 395 U.S. at 763, 89 S. Ct. at 2040, and

-

> seize his or her personal effects that are evidence of the crime.

Commonwealth v. Gilmore, 27 Va. App. 320, 327-28, 498 S.E.2d 464, 468 (1998).

The search of Hamlet, conducted by Officer Culp, was a lawful search incident to an arrest. Officer Culp developed probable cause to arrest Hamlet for being drunk in public during the course of the consensual encounter. During their conversation, Officer Culp noticed that Hamlet had a "strong odor of alcohol" about him, he was uneasy on his feet, and was swaying back and forth. These factors were sufficient to establish probable cause for Officer Culp to arrest Hamlet for being drunk in public. The lawful arrest permitted Officer Culp to conduct a full search of Hamlet and seize any evidence of criminal activity. The trial court erred in suppressing the evidence seized from Hamlet.

The judgment of the trial court is reversed.

Reversed.