Tuesday                    16th

December, 2003.


Rajee El-Amin,                                                                                    Appellant,

 against            Record No. 1472-02-2
                    Circuit Court Nos. CR00-4122 and CR00-4175

Commonwealth of Virginia,                                                          Appellee.


Upon a Rehearing En Banc

Before Chief Judge Fitzpatrick, Judges Benton, Elder, Annunziata, Bumgardner, Frank,
Humphreys, Clements, Felton and Kelsey

Jennifer M. Newman (Carolyn V. Grady; Jennifer M. Newman,  P.C.;
Carolyn V. Grady, P.C., on brief), for appellant.

Robert H. Anderson, III, Senior Assistant Attorney General (Jerry W.
Kilgore, Attorney General, on brief), for appellee.


On May 27, 2003, a panel of this Court reversed and dismissed the judgment of the trial court.

See El-Amin v. Commonwealth, Record No. 1472-02-2 (Va. Ct. App. May 27, 2003).  We stayed the

mandate of that decision and granted rehearing en banc.

Upon rehearing en banc, appellant's convictions of possession of cocaine and possession of

cocaine while in possession of a firearm are affirmed without opinion by an evenly divided Court.

Accordingly, the opinion previously rendered by a panel of this Court on May 27, 2003 is withdrawn,

and the mandate entered on that date is vacated.  The Court notes, however, that while the conviction

order reflects that appellant was convicted of possession of cocaine in violation of Code § 18.2-250, the

sentencing order dated April 2, 2001 reflects that appellant was convicted and sentenced for a conviction

of possession of cocaine with intent to distribute in violation of Code § 18.2-248.  Accordingly, this

matter is remanded to the trial court to correct the clerical error in the final sentencing order.  The appellant shall pay to the Commonwealth of Virginia thirty dollars damages.

Chief Judge Fitzpatrick, Judges Bumgardner, Humphreys, Felton and Kelsey voted to affirm the judgment of the trial court.

Judges Benton, Elder, Annunziata, Frank and Clements voted to reverse the judgment of the trial court.

This order shall be certified to the trial court.

A Copy,

Teste:

Cynthia L. McCoy, Clerk

By:

Deputy Clerk

COURT OF APPEALS OF VIRGINIA


Present: Judges Elder, Frank and Felton
Argued at Richmond, Virginia


RAJEE EL-AMIN

v.        Record No. 1472-02-2

COMMONWEALTH OF VIRGINIA

MEMORANDUM OPINION[*] BY
JUDGE WALTER S. FELTON JR.
MAY 27, 2003


FROM THE CIRCUIT COURT OF THE CITY OF RICHMOND
Margaret P. Spencer, Judge

Jennifer M. Newman (Carolyn V. Grady; Jennifer M. Newman, P.C.;
Carolyn V. Grady, P.C., on brief), for appellant.

Robert H. Anderson, III, Senior Assistant Attorney General (Jerry W.
Kilgore, Attorney General, on brief), for appellee.


Rajee El-Amin was convicted in a bench trial of (1) possession of cocaine while in possession of

a firearm, in violation of Code § 18.2-308.4 and (2) possession of cocaine, in violation of Code

§ 18.2-250. On appeal, El-Amin contends that the trial court erred in denying his motion to suppress the

evidence seized by the officers on the night of August 4, 2000. For the following reasons, we reverse

the judgment of the trial court and order the charges dismissed.

I. BACKGROUND

Approximately 9:00 p.m. on the night of August 4, 2000, Richmond Police Officers Steven

Kuzniewski, James Baldwin, D.C. Williams and Mark Zilliox responded to a police dispatch reporting

an anonymous telephone tip that four to six black juvenile males were standing at the corner of Fifth

Avenue and Front Street, smoking marijuana. No clothing or other description was given.

---

* Pursuant to Code § 17.1-413, this opinion is not designated for publication.

The officers drove to the reported location and observed four young black males walking down Front Street from Fifth Avenue towards Fourth Avenue. They were not engaged in any illegal activity. El-Amin was one of the four male juveniles in the group. Officers Kuzniewski and Baldwin pulled their marked police car to the side of the road in front of the group. Officers Williams and Zilliox parked their cruiser directly behind the car driven by Officer Kuzniewski. Upon arriving at the scene, Officer Williams observed one of the members of the group turn away, shove his hands in his waistband and move slowly away from the group.

The four officers exited their vehicles almost simultaneously. Officers Kuzniewski and Baldwin took positions directly in the path of the group. Officers Williams and Zilliox approached the group from the side.

Officer Kuzniewski asked if he could talk to them "real quick." All of the members of the group stopped, and two of the juveniles walked towards Officer Kuzniewski and spoke with him. El-Amin remained approximately six feet away from Officer Kuzniewski and observed the conversation. The fourth juvenile, whom Officer Williams had observed reaching into his waistband, stayed farther away from the group, in front and to the left of Officer Kuzniewski. Officer Kuzniewski asked if the group had engaged in any illegal activity that evening and asked specifically if they had smoked any marijuana that day. He later testified that he did not smell marijuana and the individuals were not engaged in any illegal activity when he first encountered them.

While Officer Kuzniewski spoke to two members of the group, Officer Williams told the juvenile he had observed reaching into his waistband to "stop, turn and face [him]." When the individual did not comply, Officer Williams quickly closed the estimated thirteen-foot distance between him and the juvenile and attempted to conduct a pat-down. During the pat-down, the juvenile attempted to reach into his waistband. Officer Baldwin secured the individual's arm, and Officer Williams continued his pat-down. Officer Williams felt what he believed to be a gun in the juvenile's waistband

-4-

area and said loudly, "gun." Officer Williams pulled a pellet gun from the juvenile's waistband and handcuffed him.

While talking to the two members of the group who had engaged him, Officer Kuzniewski heard Officer Williams yell "gun." Officer Kuzniewski announced to the rest of the group that he was going to pat them down for safety reasons. He then directed the three remaining group members to get up against the car, so that he could conduct the pat-down. They complied.

El-Amin was the first individual that Officer Kuzniewski patted down. Officer Kuzniewski patted down El-Amin's right pocket and found a .38 caliber revolver. He detained and handcuffed El-Amin and conducted pat-down frisks of the other two members of the group. Officer Kuzniewski arrested El-Amin for illegal possession of a handgun as a juvenile. Subsequent to the arrest, Officer Zilliox searched El-Amin and recovered 1.72 grams of cocaine and 1.6 grams of marijuana from El-Amin's pockets.

## II. ANALYSIS

El-Amin contends that the trial court erred in denying his motion to suppress the evidence seized by the officers on the night of August 4, 2000. He argues on brief that he was unlawfully seized when Officer Kuzniewski detained him.

## A. STANDARD OF REVIEW

"[D]eterminations of reasonable suspicion in the context of a Fourth Amendment challenge involve questions of both law and fact and consequently are to be reviewed de novo on appeal." Bass v. Commonwealth, 259 Va. 470, 475, 525 S.E.2d 921, 924 (2000). See also McGee v. Commonwealth, 25 Va. App. 193, 197-98, 487 S.E.2d 259, 261 (1997) (en banc). This Court is bound by "the trial court's findings of historical fact unless 'plainly wrong' or without evidence to support them and we give due weight to the inferences drawn from those facts by resident judges and local law enforcement officers." McGee, 25 Va. App. at 198, 487 S.E.2d at 261.

-5-

## B.  CONSENSUAL ENCOUNTER

A police officer does not violate the Fourth Amendment "merely by approaching an individual on the street, identifying [himself], and asking the individual questions."  Buck v. Commonwealth, 20 Va. App. 298, 301-02, 456 S.E.2d 534, 535 (1995) (citing Baldwin v. Commonwealth, 243 Va. 191, 196, 413 S.E.2d 645, 647-48 (1992)).

The initial encounter between El-Amin and the officers was consensual.  A consensual encounter need not be predicated on suspicion of criminal activity and remains consensual so long as the encountered citizen voluntarily cooperates with the police.  Payne v. Commonwealth, 14 Va. App. 86, 88, 414 S.E.2d 869, 870 (1992) (citing United States v. Wilson, 953 F.2d 116, 121 (4th Cir. 1991)).  Officer Kuzniewski asked members of the group to briefly speak with him.  Two members of the group voluntarily approached Officer Kuzniewski and began speaking with him.  El-Amin chose not to involve himself in the conversation and he was not compelled otherwise to do so during the encounter.  The initial encounter between the officers and El-Amin was therefore consensual.

## C.  UNLAWFUL SEARCH AND SEIZURE

An encounter becomes non-consensual "when an individual is either physically restrained or has submitted to a show of authority" by law enforcement.  McGee, 25 Va. App. at 199, 487 S.E.2d at 262.  In the present case, the Commonwealth concedes that when Officer Kuzniewski ordered El-Amin to stand next to the police cruiser and then proceeded to pat him down, a seizure occurred.

In Welshman v. Commonwealth, 28 Va. App. 20, 502 S.E.2d 122 (1998), we addressed the lawfulness of a seizure absent a reasonable articulable suspicion of criminal activity.  Sitting en banc, we held that officers were reasonably justified in ordering a group of individuals, which included Welshman, to briefly lie on the ground in that particular situation, despite the absence of probable cause or reasonable articulable suspicion to believe these individual were engaged in criminal activity.  Id. at 32, 502 S.E.2d at 128.  In that particular instance, when officers approached two individuals whom they had seen engaging in a drug transaction, "the officers reasonably feared for their safety and the safety of

-6-

the bystanders and properly ordered those people on the sidewalk with the target subjects to lie on the ground." Id.

In the instant case, the pat-down exceeded the reasonable measures needed to assure officer safety. Officer safety is always a primary concern when a weapon has been located. However, this consideration must be weighed against the right of the individual to be free from an unlawful search and seizure. Id. at 30, 502 S.E.2d at 126-27. The officers' conduct must not be unreasonable. Id. El-Amin was traveling down a public street at a reasonable time on an August evening with a group of teenagers. None of the officers considered El-Amin a safety concern prior to locating the gun on another member of the group. They did not have a reasonable belief that El-Amin was armed and dangerous to justify the search. As the pat-down was based solely on the location of a pellet gun on another member of the group, the pat-down was too intrusive and unreasonable under the circumstances.

While other jurisdictions have adopted a so-called "companion rule" authorizing a "pat down" of companions who are in close proximity to an individual arrested, we have yet to adopt such a rule. See United States v. Poms, 484 F.2d 919 (4th Cir. 1973), and United States v. Berryhill, 445 F.2d 1189 (9th Cir. 1971) (holding it is constitutionally permissible to subject all companions of an arrestee in the immediate area of the arrest and capable of harming the arresting officer, to a cursory pat-down to ensure they are unarmed); see also Arizona v. Clevidence, 736 P.2d 379 (Ariz. Ct. App. 1987) (holding that, under the totality of the circumstances, the potentially dangerous situation and potential presence of a weapon permitted officers at the time of arrest to conduct a limited pat-down search of companions for weapons); Illinois v. Evans, 317 N.E.2d 734 (Ill. App. Ct. 1974) (holding police not precluded from conducting pat-down of companions of one who was lawfully arrested in order to protect themselves or others who may be nearby).

The pat-down of El-Amin constituted an unlawful search and any evidence obtained as a result of the unlawful search should have been excluded.

The Court notes that the conviction order reflects that appellant was convicted of possession of cocaine in violation of Code § 18.2-250.  However, the sentencing order dated April 2, 2001 reflects that appellant was convicted and sentenced for a conviction of possession of cocaine with intent to distribute in violation of Code § 18.2-248.  Accordingly, this matter is remanded to the trial court to correct the clerical error in the final sentencing order.

The judgment of the trial court is reversed and the charges dismissed.

<u>Reversed and dismissed.</u>