COURT OF APPEALS OF VIRGINIA


Present:   Judges Elder, Humphreys and Kelsey
Argued at Richmond, Virginia


CALVIN TAYLOR

                                                        MEMORANDUM OPINION[*] BY
v.        Record No. 2856-04-2                          JUDGE LARRY G. ELDER
                                                           MARCH 7, 2006
COMMONWEALTH OF VIRGINIA


            FROM THE CIRCUIT COURT OF THE CITY OF RICHMOND
                        Ernest P. Gates, Judge Designate

            John B. Mann (Levit & Mann, P.C., on briefs), for appellant.

            Denise C. Anderson, Assistant Attorney General (Judith Williams
            Jagdmann, Attorney General, on brief), for appellee.


        Calvin Taylor (appellant) appeals from his conviction, entered upon his conditional plea

of guilty, for possession of marijuana with intent to distribute.  On appeal, he contends the

seizure and search that led to the discovery of marijuana on his person were unreasonable and

violated the Fourth Amendment.  We hold the evidence supports a finding that the seizure and

search that yielded the marijuana were reasonable, and we affirm appellant's conviction.[1]

        On appeal of the denial of a motion to suppress, we view the evidence in the light most

favorable to the Commonwealth.  Commonwealth v. Grimstead, 12 Va. App. 1066, 1067, 407

_____

[*] Pursuant to Code § 17.1-413, this opinion is not designated for publication.

[1] In his petition for appeal, appellant also challenged a simultaneous conviction for
possessing cocaine, also entered upon a conditional plea of guilty, because it was found in a
post-arrest search that he contended was the fruit of the earlier illegal seizure and search that
yielded the marijuana.  At the petition stage, this Court concluded appellant failed to preserve for
appeal his assignment of error regarding the cocaine and denied his petition for appeal on that
ground.  We note that the result is the same result that would have obtained if the petition for
appeal of the cocaine conviction had been granted along with the marijuana conviction.

S.E.2d 47, 48 (1991). "[W]e are bound by the trial court's findings of historical fact unless 'plainly wrong' or without evidence to support them," McGee v. Commonwealth, 25 Va. App. 193, 198, 487 S.E.2d 259, 261 (1997) (en banc), but we review *de novo* the trial court's application of defined legal standards such as reasonable suspicion to the particular facts of the case, see Ornelas v. United States, 517 U.S. 690, 699, 116 S. Ct. 1657, 1663, 134 L. Ed. 2d 911 (1996).

Fourth Amendment jurisprudence recognizes three categories of police-citizen contact: "(1) consensual encounters, (2) brief, minimally intrusive investigatory detentions, based upon specific, articulable facts, commonly referred to as Terry stops, see Terry v. Ohio, 392 U.S. 1, 88 S. Ct. 1868, 20 L. Ed. 2d 889 (1968), and (3) highly intrusive arrests and searches founded on probable cause." Wechsler v. Commonwealth, 20 Va. App. 162, 169, 455 S.E.2d 744, 747 (1995).

Consensual encounters "'need not be predicated on any suspicion of the person's involvement in wrongdoing,' and remain consensual 'as long as the citizen voluntarily cooperates with the police.'" Payne v. Commonwealth, 14 Va. App. 86, 88, 414 S.E.2d 869, 870 (1992) (quoting United States v. Wilson, 953 F.2d 116, 121 (4th Cir. 1991)). "'As long as the person to whom questions are put remains free to disregard the questions and walk away, there has been no intrusion upon that person's liberty or privacy as would under the Constitution require some particularized and objective justification.'" Greene v. Commonwealth, 17 Va. App. 606, 610, 440 S.E.2d 138, 140 (1994) (quoting United States v. Mendenhall, 446 U.S. 544, 554, 100 S. Ct. 1870, 1877, 64 L. Ed. 2d 497 (1980)).

"A seizure occurs when an individual is either physically restrained or has submitted to a show of authority." McGee, 25 Va. App. at 199, 487 S.E.2d at 262. "Whether a seizure has occurred . . . depends upon whether, under the totality of the circumstances, a reasonable person

would have believed that he or she was not free to leave." Id. at 199-200, 487 S.E.2d at 262. Factors relevant under the "totality of the circumstances" analysis include "'"the threatening presence of several officers, the display of a weapon by an officer, some physical touching of the person of the citizen, or the use of language or tone of voice indicating that compliance with the officer's request might be compelled."'" Greene, 17 Va. App. at 611 n.1, 440 S.E.2d at 141 n.1 (quoting Mendenhall, 446 U.S. at 554, 100 S. Ct. at 1877) (other citation omitted).

"[A] police request made in a public place for a person to produce some identification, by itself, generally does not constitute a Fourth Amendment seizure." McCain v. Commonwealth, 261 Va. 483, 491, 545 S.E.2d 541, 546 (2001); see also INS v. Delgado, 466 U.S. 210, 216, 104 S. Ct. 1758, 1762, 80 L. Ed. 2d 247 (1984).

If, during the course of a consensual encounter, the officer develops reasonable and articulable suspicion that criminal activity may be afoot, he may "detain [the individual] briefly while attempting to obtain additional information" to confirm or dispel his suspicions. Hayes v. Florida, 470 U.S. 811, 816, 105 S. Ct. 1643, 1647, 84 L. Ed. 2d 705 (1985).

> [O]nce an officer has lawfully detained an individual, "he is 'authorized to take such steps as [are] necessary to protect [his and others'] personal safety and to maintain the status quo during the course of the stop.'" Servis v. Commonwealth, 6 Va. App. 507, 519, 371 S.E.2d 156, 162 (1988) (quoting United States v. Hensley, 469 U.S. 221, 235, 105 S. Ct. 675, 83 L. Ed. 2d 604 (1985)). An officer may preserve the status quo by ordering the person detained to place his hands where the officer can see them.

Welshman v. Commonwealth, 28 Va. App. 20, 34, 502 S.E.2d 122, 128-29 (1998) (en banc).

When an officer is both (1) rightly in the presence of an individual, as he is during the course of a valid Terry stop, and (2) develops reasonable suspicion that the person may, in fact, be armed and dangerous, he may frisk that person for weapons. See Phillips v. Commonwealth, 17 Va. App. 27, 30, 434 S.E.2d 918, 920 (1993); see also 4 Wayne R. LaFave, Search and Seizure § 9.6(a), at 615-18 (4th ed. 2004). Circumstances "relevant in [this] analysis include

characteristics of the area surrounding the stop, the time of the stop, the specific conduct of the suspect individual, the character of the offense under suspicion, and the unique perspective of a police officer trained and experienced in the detection of crime." Christian v. Commonwealth, 33 Va. App. 704, 714, 536 S.E.2d 477, 482 (2000) (en banc) (footnote omitted).

Here, the evidence supports a finding that Officer Hixon's initial encounter with appellant was consensual. Officers Hixon and Graves approached the vehicle in which appellant and his uncle were occupants in an effort to initiate a consensual encounter. No evidence established that, when Officers Hixon and Graves approached the vehicle in which appellant and his uncle were occupants, the officers displayed their weapons or directed the men to remain inside the car, and appellant in fact felt free to exit the vehicle while he talked to Officer Hixon. This evidence supports a finding that appellant was not physically restrained and had not submitted to any show of authority. Thus, at the time appellant exited the vehicle and Officer Hixon smelled marijuana, appellant had not been seized, and the encounter remained consensual.

Once Officer Hixon smelled what he believed to be the odor of marijuana coming from the vehicle, he had reasonable, articulable suspicion to believe that criminal activity was afoot, cf. Cherry v. Commonwealth, 44 Va. App. 347, 357-58, 605 S.E.2d 297, 302 (2004) (holding that "the detection of the odor of burning marijuana emanating from the open door of a residence, by a credible law enforcement officer who is familiar with its smell, provides that officer with probable cause to believe contraband is present inside the residence"), and he was entitled to detain appellant briefly while attempting to obtain additional information to either confirm or dispel his suspicion that appellant might be in possession of marijuana. During the course of that detention, Officer Hixon was entitled to preserve the status quo by ordering appellant to keep his left hand, which appellant repeatedly placed in his left pocket, where the officer could see it. Welshman, 28 Va. App. at 34, 502 S.E.2d at 128-29. Officer Hixon testified

- 4 -

that he had patrolled that particular apartment complex for a period of five years and had previously "encountered individuals [there]" in the early morning hours "that [he had] arrested with drugs and/or guns on their persons." The smell of marijuana, combined with the time of the encounter, appellant's repeated insertion of only his left hand into his left coat pocket despite Officer Hixon's repeated instruction to him to remove it, and Officer Hixon's knowledge of the character of the area in which the encounter occurred, supported Officer Hixon's suspicion that appellant was armed and dangerous. These circumstances justified Officer Hixon's decision to physically seize and restrain appellant while frisking his pocket for weapons. When the frisk yielded marijuana rather than a weapon, Officer Hixon had probable cause for an arrest.

Citing Murphy v. Commonwealth, 264 Va. 568, 570 S.E.2d 836 (2002), appellant contends that Officer Hixon's "feel" of something "crumbly" in appellant's pocket that he believed to be marijuana was insufficient to provide probable cause for arrest. We disagree. Officer Hixon testified that immediately upon patting the pocket and without further manipulating its contents, he believed, based on his training and experience, that the substance it contained was marijuana. This testimony, if found credible by the trial court, was sufficient to provide probable cause to seize the contents of the pocket. See Murphy, 264 Va. at 574-75, 570 S.E.2d at 839 (recognizing "plain feel" doctrine of Minnesota v. Dickerson, 508 U.S. 366, 113 S. Ct. 2130, 124 L. Ed. 2d 334 (1993), as legitimizing seizure of contraband contained in pocket by officer who said character of item as *contraband* was immediately apparent upon patting and distinguishing facts in Murphy based on testimony of officer that "character of the object" as a *plastic bag* was "immediately apparent" and that officer merely inferred that bag likely contained contraband).

Thus, the seizure and search that led to Officer Hixon's discovery of marijuana in appellant's left coat pocket were reasonable, and the trial court's denial of appellant's

- 5 -

suppression motion was not error.  Accordingly, we affirm appellant's conviction for possession of marijuana with intent to distribute.

Affirmed.